Ilya BOGUSLAVSKY, Plaintiff–
Appellant,

v.

SOUTH RICHMOND SECURITIES,
INC.; Martin H. Kaplan; Gusrae,
Kaplan & Bruno; Paul T. Russo, De-
fendants–Appellees.

Docket No. 00–7123.

United States Court of Appeals,
Second Circuit.

Argued: Aug. 8, 2000

Decided: Aug. 28, 2000

Ilya Boguslavsky, pro se, Short Hills, NJ.

Mark J. Astarita, Brian D. Graifman, Gusrae, Kaplan & Bruno, New York, NY, for defendants-appellees.

Before: CALABRESI, CABRANES, and POOLER, Circuit Judges.

PER CURIAM.

Ilya Boguslavsky appeals from an order of the United States District Court for the Southern District of New York (Martin, *J.*) dismissing his claims on the basis of *res judicata.* We affirm the district court's dismissal of the claims against defendants Kaplan, Russo, and the law firm of Gusrae, Kaplan & Bruno ("GKB"). We also affirm the dismissal of the claims against defendant South Richmond Securities, Inc. ("SRSI") brought under Rules 10(b)(5) and 10(b)(10) of the Securities Exchange Act of 1934. With respect to Boguslavsky's claim for rescission of his contract with SRSI, however, we vacate the district court's dismissal and remand to that court for further proceedings.

## BACKGROUND

In October 1999, Boguslavsky filed suit in the United States District Court for the Southern District of New York against defendants SRSI, Kaplan (Voting Trustee of SRSI), GKB (SRSI's law firm), and Russo (former Executive Vice President of SRSI) alleging that they had violated various provisions of the Securities Exchange Act of 1934. Boguslavsky claimed (1) that defendants failed to disclose SRSI's "market-making" role in a securities transaction to which he had been a party, and (2) that he was entitled to rescission of his contracts with SRSI because SRSI was not a registered broker-dealer at the time of the transaction.

This is not the first time that Boguslavsky has tried to recoup his losses from these allegedly unlawful transactions involving the defendants. In 1995, in a proceeding before the NASD, he recovered approximately $3,000 from certain employees of SRSI. *See Boguslavsky v. Rickel & Assoc., Inc.,* No. 95–04957, 1997 WL 288397 (N.A.S.D. Feb. 19, 1997). Subsequently, in 1997, Boguslavsky sued Kaplan, GKB, and Russo in the United States District Court for the Southern District of New York. In this suit, the district court dismissed Boguslavsky's complaint, deeming it barred by collateral estoppel. *See Boguslavsky v. Kaplan,* CIV. No. 96–7826, 1997 WL 672007, at *4 (S.D.N.Y. Oct.29, 1997). Finding that some of Boguslav-

sky's claims (under Rule 10(b)(5) and Rule 10(b)(10) of the Securities Exchange Act) were barred by collateral estoppel, but that others (arising under § 20(a) and § 29(b) of that statute) were not precluded—either by collateral estoppel or *res judicata*—since they had not and could not have been presented to the NASD, we affirmed the district court in part and vacated and remanded in part. *See Boguslavsky v. Kaplan,* 159 F.3d 715, 722–23 (2d Cir.1998) (*Boguslavsky I*).

While the remanded case was pending before the district court, Kaplan, GKB, and Russo ("the *Boguslavsky I* defendants") agreed to a settlement under which they would pay Boguslavsky $6,500 in exchange for his dropping the suit against them. After the parties, at a conference, had orally agreed to these terms, the district court did, in fact, dismiss the case. Before formal documents were signed and before Boguslavsky received payment of the $6,500, however, a dispute arose between Boguslavsky and the other parties. As a result, Boguslavsky moved the district court to reinstate his claim, alleging that the *Boguslavsky I* defendants had breached the settlement agreement. The district court dismissed his motion. Instead of appealing that decision, Boguslavsky filed the complaint in the instant case, bringing the same causes of action as those presented to the district court in 1997, but adding SRSI as a defendant.

Fearing that his claims against Kaplan, GKB, and Russo would be precluded, Boguslavsky filed a notice of voluntary dismissal, under FRCP 41(a)(1)(i), as to these three defendants. The district court, however, issued an order dismissing the case with prejudice and "enjoin[ing] plaintiff from bringing *any action* against *any of the defendants in this action* without prior leave of [the district court] unless plaintiff files an objection ... by January 7, 2000." (Order of December 22, 1999) (emphasis added). Boguslavsky objected by filing a motion to amend the court's order pursuant to FRCP 59(e). He contended that the district court should not have thrown out his claim against SRSI because his notice of voluntary dismissal did not seek to drop the suit against this defendant. He also objected to the order to the extent that it would prevent him from filing a suit in state court to enforce the terms of his settlement agreement with the other three defendants.

▌ In an order dated January 12, 2000, Judge Martin denied Boguslavsky's motion, holding simply that "[t]his action is barred by the doctrine of *res judicata.*" (Order of January 12, 2000). This appeal followed.[1]

## DISCUSSION

▌ We review *de novo* a district court's application of the principles of *res*

1. Boguslavsky's notice of appeal indicates that he is appealing the district court's order of December 22, which he characterized as dismissing his complaint. In fact, the order of December 22 did not dismiss this action; it only warned of that possibility. It is the order of January 12 that formally terminated this matter, and no notice of appeal has been filed as to that order. Still, our exercise of jurisdiction over this case is proper. This is so because FRCP 58 requires that "[e]very judgment ... be set forth on a separate document," Fed R. Civ. P. 58, and in this case, a separate document entering the January 12 judgment of the district court was never entered. We have previously held that "the time for appeal does not start running until this separate document is entered." *Selletti v. Carey,* 173 F.3d 104, 109 (2d Cir.1999) (quo-

tation marks omitted). As a result, the time for appeal in this case has not yet lapsed, and Boguslavsky's appellate brief may, under these circumstances, properly be treated as a notice of appeal with respect to the January 12 judgment. *See Smith v. Barry,* 502 U.S. 244, 248, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992).

Boguslavsky focuses a great deal of attention in his brief on the question whether a district court may properly dismiss *all* defendants pursuant to a plaintiff's Notice of Dismissal under Rule 41(a), when the plaintiff intended to dismiss only some. We need not address this question, however, because the January 12 order of the district court establishes *res judicata,* rather than Rule 41(a), as the basis for its action.

*judicata. Computer Assocs. Int'l, Inc., v. Altai, Inc.*, 126 F.3d 365, 368 (2d Cir.1997). "The doctrine of *res judicata*, or claim preclusion, holds that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Monahan v. New York City Dep't of Corrections*, 214 F.3d 275, 284 (2d Cir. 2000) (quotation marks omitted).

■ Dismissal of plaintiff's causes of action against Kaplan, GKB, and Russo on the basis of *res judicata* was proper. Boguslavsky's 1997 claims against those three defendants, which are identical to those he brings in this action, were discontinued with prejudice pursuant to the parties' settlement agreement in that case, and so his effort to relitigate them must fail.[2]

■ Whether dismissal as to SRSI was appropriate is a more difficult issue, however, since SRSI was not a party to the 1997 suit or to the settlement agreement.[3] Only if SRSI is deemed to be covered by the 1997 dismissal would *res judicata* pre-

vent Boguslavsky from pursuing his claim for rescission.[4]

■ The answer to that question, moreover, does not depend on whether Boguslavsky was required to include SRSI in the 1997 suit. To put it another way, the issue of whether Boguslavsky is barred from suing SRSI by virtue of his settlement agreement with Kaplan, GKB, and Russo is one of contractual privity, not of preclusion privity. *See* 18 CHARLES A. WRIGHT, ET AL, Federal Practice and Procedure § 4443, at 384 (1981) ("The basically contractual nature of consent judgments has led to general agreement that preclusive effects should be measured by the intent of the parties."); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 347, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971) ("The straightforward rule is that a party releases only those other parties whom he intends to release.").

Accordingly, we vacate the dismissal of Boguslavsky's rescission claim against SRSI and remand for further proceedings consistent with this opinion.[5]

\*   \*   \*

2. Plaintiff could have appealed the district court's refusal to reinstate his claim in the 1997 suit on the ground that it was improper for the district court to order dismissal before a formal settlement agreement had been signed. We need not address the merits of such an argument, however, because appellant made no appeal and chose instead to deal with the *Boguslavsky I* defendants' alleged breach of the settlement agreement by restarting the litigation process and by filing claims against them that are identical to those that had been dismissed.

3. Defendants dispute this point, and claim that SRSI was, in fact, covered by that agreement. Under the terms of the settlement, "Boguslavsky agree[d] not to pursue th[e] action entitled *Boguslavsky v. South Richmond and Barbara Hosman* subsequent to a decision of the Third Circuit." In that suit, Boguslavsky attempted to sue SRSI and Hosman (SRSI's president) in federal district court in New Jersey. Because service of process could not be effected on SRSI, however, Boguslavsky's claims against it were dismissed without prejudice. This occurred long before Boguslavsky reached a settlement with Kaplan, GKB, and Russo. Therefore, while the settlement agreement seems to prevent Bo-

guslavsky from pursuing an action against Hosman, it does not prevent him from suing SRSI.

4. Boguslavsky's claim against SRSI for failure to disclose its market-making role is barred by collateral estoppel since the claim was fully adjudicated before the NASD, *see Boguslavsky I*, 159 F.3d at 720, and the fact that SRSI was not a party to the NASD proceeding does not prevent collateral estoppel from applying. *See, e.g., Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 332–33, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Accordingly, the district court's dismissal of this claim was proper. Boguslavsky's claim for rescission, however, was not, and could not have been, presented to the NASD; it is, therefore, not barred by the NASD proceedings. *See Boguslavsky I*, 159 F.3d at 722.

5. Boguslavsky contends that the district court's December 22 order unjustifiably prevented him from proceeding in state court against Kaplan, GKB, and Russo. We believe that the January 12 order, which we have reviewed, replaced the December 22 order and rendered it null and void. To avoid any ambiguity, however, we vacate the December

The judgment of the district court is AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

22 order without prejudice to the parties' requesting the district court to reinstate any parts of the order that the court might deem appropriate, in the light of the opinion we issue today.