**Richard AUSTIN, Plaintiff–Appellant,**

v.

**HANOVER INSURANCE COMPANY,**
**Massachusetts Bay Insurance Company, Defendants–Appellees.**

No. 00–9521.

United States Court of Appeals,
Second Circuit.

July 13, 2001.

H. Richard Austin, Kirkwood, MO, pro se.

Gregory S. Clayton, Aten, Clayton & Eaton PLLC, Littleton, NH, for appellee.

Present JACOBS, PARKER and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the United States District Court for the District of Vermont be, and it hereby is, AFFIRMED.

In August 1997, a jury rejected H. Richard Austin's claim for fire insurance. The defendants, insurance companies, presented evidence at trial that Austin had set fire to his own house. Austin's direct appeal to this Court was unsuccessful, and we dismissed his subsequent appeal brought under Fed.R.Civ.P. 60(b) on res judicata grounds. In this, his third trip to this Court, Austin appeals from the district court's orders denying his motions "to vacate fraudulent judgment and enter judgment with damages for plaintiff," pursuant to Rule 60(b)'s independent action savings clause and "for relief from order granting dismissal," pursuant to Rule 60(b)(2) and (3).

Austin re-alleges his previous claims that the insurers engaged in "premeditated" fraud and committed fraud upon the court by conducting a bogus investigation, altering test results, and submitting false evidence to the court. Specifically, he argues that: (i) he has demonstrated "fraud upon the court" and therefore the judgment against him should not be enforced; (2) res judicata was inapplicable to his case since "different facts are now before the court" and the judgment against him was not on the merits since the defendants fraudulently withheld information from the jury; (3) the defendant insurers conceded fraud by failing to file a brief in response to Austin's petition for certiorari and are therefore estopped from denying it; (4) the defendants' motion to dismiss his first Rule 60(b) motion was submitted in bad faith since they failed to prove lack of fraud and incorrectly claimed that Austin had presented his claims of fraud at trial and in post-trial motions; and (5) the law of the case doctrine does not bar this Court from reconsidering its earlier decision—to dismiss his appeal from his first Rule 60(b) motion as frivolous—particularly since this Court lacked the benefit of briefing on the res judicata issue. He seeks relief from the initial judgment, an award of monetary damages, and "reinstatement of claims for emotional suffering and punitive damages."

■ We review a district court's order granting or denying a motion for relief from a final judgment pursuant to Fed. R.Civ.P. 60(b) for abuse of discretion. *See Transaero, Inc. v. La Fuerza Aerea Boliviana,* 162 F.3d 724, 729 (2d Cir.1998). The district court did not abuse its discretion in denying the Rule 60(b) motions, because Austin failed to show newly discovered evidence, fraud or any other reason justifying relief under Rule 60(b). Austin's claim that the defendants waived any claims that they did not engage in fraudulent conduct when they failed to submit a brief to the Supreme Court is meritless. *See* Sup.Ct.R. 15(1) and (2). Austin's claims of fraud are barred by res judicata as those claims were or could have been raised in the trial court or on direct appeal to this Court. *See St. Pierre v. Dyer,* 208 F.3d 394, 399 (2d Cir.2000). And to the extent Austin challenges this Court's dismissal of his appeal from the denial of his first Rule 60(b) motion, we find no "cogent or compelling reasons" to disturb our dismissal of his prior appeal. *Rezzonico v. H*

*& R Block, Inc.,* 182 F.3d 144, 149 (2d Cir.1999) (citation omitted).

We have considered all of Austin's other arguments, and we find them to be without merit.