George B. DEMES & Helen M. Demes, Plaintiffs–Appellants,

v.

ABN AMRO SERVICES CO., INC, et al., Defendants–Appellees.

No. 02–1191.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 18, 2002.*

Decided Feb. 20, 2003.

Rehearing Denied April 24, 2003.

Before RIPPLE, KANNE, and ROVNER, Circuit Judges.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

## 152

### ORDER

George and Helen Demes sued the parent company of LaSalle Bank National Association, James Thompson (a LaSalle vice-president), David Addis (an attorney retained by LaSalle), Delores Sarovich (sued individually and in her capacity as trustee of a trust created for her benefit), and First Midwest Trust Company, claiming that the defendants violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–68, as well as various state laws. The district court dismissed the suit under Federal Rule of Civil Procedure 12(b)(6), concluding that the claims were barred by principles of res judicata and alternatively that the federal claim was barred by the applicable statute of limitations, and the Demeses appeal.

The amended complaint alleges that, through a series of financial transactions, the defendants deprived Mr. Demes of his interest in a land trust and caused him to become indebted to Alexander Sarovich, his former business partner and brother-in-law of defendant Delores Sarovich, for $122,889. According to the Demeses, the defendants defrauded Mr. Demes out of his property and engineered the $122,889 debt by making "collusive loans to related parties," by transferring and disbursing money "without notice," and by misrepresenting the "amount of the transfers" and the "existence and amount of the disbursements." R.26. This misconduct, the Demeses allege, amounted to a pattern of racketeering activity conducted by an enterprise composed of the defendants.

On appeal the Demeses contest both grounds on which the district court dismissed their suit. With respect to the first ground, res judicata, we agree that the defendants currently cannot establish all the elements of this affirmative defense. The defendants rightly point out that in 1996 the Demeses sued Alexander Sarovich and the estate of his deceased brother, Steven Sarovich, complaining about many of the same transactions underlying their amended complaint in this case. That lawsuit was settled pursuant to a consent agreement approved by a state court in 1997, which constitutes a final judgment on the merits. *4901 Corp. v. Town of Cicero*, 220 F.3d 522, 529–30 (7th Cir.2000).

■ The problem is that none of the defendants were parties to the 1996 lawsuit. The defendants maintain that they were in privity with either Alexander Sarovich or the estate of Steven Sarovich because of their legal relationships with the two men, but this argument ignores the manner in which the 1996 lawsuit was resolved. The general rule, to which the defendants cite no relevant exceptions under Illinois law, is that settlement agreements have preclusive effect only as to those parties who were *intended* to be bound by the agreement. *Boguslavsky v. S. Richmond Sec., Inc.*, 225 F.3d 127, 130 (2d Cir.2000) (per curiam); 18A Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 4443 (2d ed.2002); *see also Keith v. Aldridge*, 900 F.2d 736, 740–41 (4th Cir. 1990); *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 538–39 (5th Cir.1978). Nothing in the 1997 settlement agreement suggests that the defendants in that case intended a privity relationship with the defendants in this case, and the Demeses have not pleaded themselves out of court by alleging such an intent. With this factual issue unresolved, we cannot at present say that the defendants have established res judicata as a bar to the action.

■ We do agree with the defendants, however, that the Demeses' suit was properly dismissed because their only federal

claim-brought under the RICO act-is time barred. The first predicate act complained of occurred in 1992, when LaSalle allegedly revised the payoff from an escrow account to allow Alexander Sarovich to purchase a collateral assignment of rents made by a land trust in which Mr. Demes held a beneficial interest. The second predicate act occurred in 1995 when LaSalle assigned its interest in the land trust to Alexander allegedly without notifying the Demeses. But the Demeses did not file this lawsuit until 2001. That was too late because civil RICO plaintiffs have only four years to sue after they discover, or through due diligence could have discovered, that they were injured and who caused the injuries. *Rotella v. Wood,* 528 U.S. 549, 553–57, 120 S.Ct. 1075, 145 L.Ed.2d 1047 (2000); *Agency Holding Corp. v. Malley–Duff & Assocs., Inc.,* 483 U.S. 143, 156, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987). Here the Demeses unquestionably knew of their injuries at least by 1996 because in the lawsuit that they filed that year they complained about Alexander's purchase of the collateral assignment of rents as well as LaSalle's assignment of its interest in the property.

The Demeses submit that they did not sue earlier because they were unaware of many of the details about *subsequent* predicate acts allegedly committed by the enterprise. Specifically, they avert to several mortgages on the trust property given in 1997 by Alexander to his sister-in-law, Delores, to secure three loans. But pointing to these transactions does not assist the Demeses because they knew in 1996 that an injury had occurred, and at that time they had an obligation to inquire further to determine the scope of the legal wrong. *See Klehr v. A.O. Smith Corp.,* 521 U.S. 179, 187–192, 117 S.Ct. 1984, 138 L.Ed.2d 373 (1997) (holding that a civil RICO claim accrues when the plaintiffs "should have discovered" their injuries, not

upon the discovery of their injuries and the last predicate act of alleged racketeering); *see also Perry v. Globe Auto Recycling, Inc.,* 227 F.3d 950, 954 (7th Cir. 2000). The Demeses make no argument that the 1997 transactions caused them injuries over and above the harm suffered in 1992 and 1995. *See Klehr,* 521 U.S. at 189–90 (discussing the "separate accrual" rule for civil RICO cases); *McCool v. Strata Oil Co.,* 972 F.2d 1452, 1465–66 (7th Cir.1992) (adopting the separate accrual rule); *Love v. Nat'l Med. Enters.,* 230 F.3d 765, 773–75 (5th Cir.2000) (same). And even if the Demeses had made the argument, the amended complaint does not describe the time, place, and content of any misrepresentations made in connection with the 1997 transactions, nor does the amended complaint specify the method by which any misrepresentations were communicated to the Demeses. Specificity on all these points was required by Federal Rule of Civil Procedure 9(b), *e.g., Slaney v. Int'l Amateur Athletic Fed'n,* 244 F.3d 580, 599 (7th Cir.2001), so we agree with the defendants that the RICO claim was properly dismissed.

Given this resolution it is unnecessary to address the defendants' motion to strike portions of the Demeses' reply brief. We do note, however, that the dismissal of the Demeses' state-law claims should be without prejudice since the district court relinquished supplemental jurisdiction over them after concluding that the RICO claim was time barred. Accordingly, the motion to strike is denied as moot, the judgment is MODIFIED to reflect dismissal of the state-law claims without prejudice, and as modified the judgement is affirmed.