**H. Richard AUSTIN, Plaintiff–Appellant,**

v.

**DOWNS, RACHLIN & MARTIN, Burlington, Vermont, Harold Eaton, Eaton & Hayes, Woodstock, Vermont, Gregory Clayton, Aten, Clayton & Eaton, Littleton, New Hampshire (formerly of Downs, Rachlin & Martin), Douglas G. Peterson & Associates, Greenfield, Massachusetts, Stephen Houghton, Douglas G. Peterson & Associates, Greenfield, Massachusetts, Jimmy Pau, Mercury Research Laboratory, Cary, North Carolina, Defendants–Appellees.**

No. 03–9264.

United States Court of Appeals, Second Circuit.

Nov. 4, 2004.

H. Richard Austin, Kirkwood, Missouri, for Appellant, pro se.

Robert B. Hemley, Gravel & Shea, Burlington, VT, for Appellee Downs, Rachlin.

Allan R. Keyes, Ryan, Smith & Carbine, Rutland, VT, for Appellee Harold Eaton.

Shannon A. Bertrand, Reiber, Kenlan, Schwiebert, Hall & Facev, Rutland, VT, for Appellee Douglas Peterson.

Present: WINTER, KATZMANN, and RAGGI, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court is **AFFIRMED.**

H. Richard Austin, *pro se*, appeals from a judgment of the United States District Court for the District of Vermont (Murtha, *J.*), dismissing Austin's amended complaint as barred by the doctrines of *res judicata* and collateral estoppel. Familiarity with the facts is assumed. We need not go further than affirm the judgment of the district court on the basis of collateral estoppel.

Defendants present the argument that Austin's claims are barred by collateral estoppel. Under the doctrine of collateral estoppel (issue preclusion), a plaintiff is prevented from relitigating in a subsequent proceeding an issue of fact or law that was fully and fairly litigated in a prior proceeding. *See Marvel Characters, Inc. v. Simon,* 310 F.3d 280, 288 (2d Cir.2002). This Court has held that federal law on collateral estoppel applies to determine the preclusive effect of a prior federal judgment. *See Marvel Characters, Inc.,* 310 F.3d at 286; *Gelb v. Royal Globe Ins. Co.,* 798 F.2d 38, 42 (2d Cir.1986). Under federal law, collateral estoppel applies when: "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Interoceanica Corp. v. Sound Pilots, Inc.,* 107 F.3d 86, 91 (2d Cir.1997) (internal quotation marks omitted).

Under non-mutual collateral estoppel, if a litigant has had an opportunity to fully and fairly litigate an issue and lost, then third parties unrelated to the original action can bar the litigant from relitigating that same issue in a subsequent suit. *See United States v. Ustica,* 847 F.2d 42, 49 n. 14 (2d Cir.1988). *See also ACLI Gov't Sec., Inc. v. Rhoades,* 963 F.2d 530, 533 (2d Cir.1992) (citing *Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 326–31, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979) (the doctrine of mutuality, at least for defensive use of collateral estoppel, no longer applies)); *Blonder–Tongue Lab., Inc. v. Univ. of Ill. Found.,* 402 U.S. 313, 328–30,

91 S.Ct. 1434, 28 L.Ed.2d 788 (1971) (strongly suggesting that the mutuality requirement is no longer tenable) (parenthetical notations in original). Accordingly, the question for this Court is whether or not the issues of fraud and the validity of the scientific evidence were actually decided in *Austin v. Hanover Ins. Co.,* 165 F.3d 13 (2d Cir.1998) (table opinion) (*"Austin 1"*).

There is considerable overlap between the issues previously litigated and resolved in the prior actions and those which Austin attempts to raise in the instant case. At issue in *Austin I* and in *Austin v. Hanover Ins. Co.,* 14 Fed.Appx. 109 (2d Cir.2001) (unpublished opinion), was the validity of the scientific evidence that was presented to the jury. Austin seeks to relitigate the validity of that evidence by styling the issues as fraud and fabrication of evidence. Austin had a full and fair opportunity to litigate these issues in *Austin I,* and the jury's determination that the evidence was not fabricated was necessary to support a finding in favor of the insurance companies. Thus, under the doctrine of nonmutual collateral estoppel, Austin was properly precluded from bringing the instant action.

For the foregoing reasons, we hold that the judgment of the district court is hereby **AFFIRMED.**