**H. Richard AUSTIN, St. Louis, Missouri, Plaintiff–Appellant,**

v.

**DOWNS, RACHLIN & MARTIN BURLINGTON ST. JOHNSBURY, Vermont, Harold Eaton, Eaton & Hayes Woodstock, Vermont, Gregory Clayton Littleton, New Hampshire, Defendants–Appellees.**

No. 06–4203–cv.

United States Court of Appeals, Second Circuit.

March 19, 2008.

H. Richard Austin, Kirkwood, MO, pro se.

Robert B. Hemley and Megan J. Shafritz, Gravel and Shea, Burlington, VT, for Defendants–Appellees Downs, Rachlin & Martin and Gregory Clayton.

Allan R. Keyes, Ryan Smith & Carbine, Ltd., Rutland, VT, for Defendant–Appellee Harold Eaton.

PRESENT: Hon. WALKER, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

*Pro se* plaintiff-appellant H. Richard Austin ("Austin"), a frequent litigator before this Court,[1] appeals the district court's August 25, 2006, 2006 WL 2585102, judgment dismissing the action based on the doctrines of res judicata and collateral estoppel. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the district court's grant of a motion to dismiss *de novo*, accepting the plaintiff's factual allegations as true and drawing all reasonable inferences in favor of the plaintiff. *Mason v. Am. Tobacco Co.*, 346 F.3d 36, 39 (2d Cir.2003); *cf. Boguslavsky v. S. Richmond Sec., Inc.*, 225 F.3d 127, 129–30 (2d Cir.2000) (reviewing *de novo* district court's application of res judicata); *Chartier v. Marlin Mgmt., LLC*, 202 F.3d 89, 93 (2d Cir.2000) (reviewing *de novo* district court's application of collateral estoppel). When a defendant raises the affirmative defense of res judicata or collateral estoppel "and it is clear from the face of the complaint ... that the plaintiff's claims are barred as a matter of law," dismissal under Fed.R.Civ.P. 12(b)(6) is appropriate. *Conopco, Inc. v. Roll Int'l.*, 231 F.3d 82, 86–87 (2d Cir.2000). Furthermore, "the party asserting preclusion bears the burden of showing with clarity and certainty what was determined by the prior judgment." *BBS Norwalk One, Inc.*

*v. Raccolta, Inc.*, 117 F.3d 674, 677 (2d Cir.1997) (internal quotation marks omitted).

Under the doctrine of res judicata (claim preclusion), "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action," *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981), and constitutes an absolute bar "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose," *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1463 (2d Cir.1996) (internal quotation marks omitted). Res judicata therefore bars the subsequent litigation of any claims arising from the transaction or series of transactions that was the subject of the prior suit. *See Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 90 (2d Cir.1997).

Under the doctrine of collateral estoppel (issue preclusion), a plaintiff is prevented from "relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288 (2d Cir.2002). Federal law applies to determine the preclusive effect of a prior federal judgment. *Id.* at 286. Under federal law, collateral estoppel ap-

1. This appeal marks the fifth time that Austin has appealed to this Court a denial of claims related to his allegations that the defendants-appellees or their privies conspired to defraud him and the federal courts by fabricating evidence as to the origin of the fire that destroyed his Vermont home in 1993. *See Austin v. Hanover Ins. Co.*, No. 95 Civ. 170(JGM) (D.Vt. Aug. 1, 1997), *aff'd*, 165 F.3d 13 (Table) (2d Cir.1998), *cert. denied*, 527 U.S. 1004, 119 S.Ct. 2339, 144 L.Ed.2d 237 (1999) (affirming judgment against Austin in first lawsuit); *Austin v. Hanover Ins. Co.*, No. 99–9375 (2d Cir. May 4, 2000), *dismissing appeal from* No. 99

Civ. 252(JGM) (D.Vt. Nov. 3, 1999) (dismissing second lawsuit); *Austin v. Hanover Ins. Co.*, No. 99 Civ. 252(JGM) (D.Vt. Nov. 7, 2000), *aff'd*, 14 Fed.Appx. 109 (2d Cir.2001) (affirming denial of subsequent appeals from dismissal of second lawsuit), *cert. denied*, 534 U.S. 954, 122 S.Ct. 354, 151 L.Ed.2d 268 (2001); *Austin v. Downs, Rachlin & Martin*, No. 03 Civ. 204(JGM), 2003 WL 23273466 (D.Vt. Nov. 3, 2003), *aff'd*, 114 Fed.Appx. 21 (2d Cir.2004) (affirming dismissal of third lawsuit), *cert. denied*, 544 U.S. 961, 125 S.Ct. 1733, 161 L.Ed.2d 603 (2005).

plies when: "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Interoceanica Corp.*, 107 F.3d at 91 (internal quotation marks omitted).

Under non-mutual collateral estoppel, if a litigant has had an opportunity to fully and fairly litigate an issue and lost, then third parties unrelated to the original action can bar the litigant from relitigating that same issue in a subsequent suit. *See United States v. Ustica*, 847 F.2d 42, 49 n. 14 (2d Cir.1988). In this case, Austin's fourth complaint was properly dismissed for the reasons set forth in the district court's thorough and well-reasoned opinion. Moreover, as the district court acknowledged, Austin has already appealed these issues several times to this Court, which determined that the district court's findings were correct and Austin's arguments were without merit.

Defendants-appellees Downs, Rachlin & Martin and Gregory Clayton request that they be awarded their costs in defending against this appeal. While we deny the request, Austin is placed on notice that future frivolous or vexatious litigation will expose him to the imposition of penalties, such as monetary sanctions and filing injunctions. *See* Fed. R.App. P. 38 (authorizing imposition of damages for filing a frivolous appeal); *see also In re Martin–Trigona*, 9 F.3d 226, 227–29 (2d Cir.1993) (discussing various sanctions courts may impose upon vexatious litigants).

Accordingly, the judgment of the district court is AFFIRMED.