*Brandon v. NPG Records, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of December, two thousand twenty.

PRESENT:
> AMALYA L. KEARSE,
> JOSEPH F. BIANCO,
> STEVEN J. MENASHI,
> *Circuit Judges*.

---

JAMES M. BRANDON,

> *Plaintiff-Appellant*,

v.                                                                                     20-1715

NPG RECORDS, INC., NPG MUSIC PUBLISHING,
LLC, THE ESTATE OF PRINCE ROGERS NELSON,
COMERICA BANK & TRUST, N.A., SHELTON JACKSON LEE,
FORTY ACRES AND A MULE MUSICWORKS, INC.,
TWENTIETH CENTURY FOX FILM CORP.,

> *Defendants-Appellees*.

---

For Plaintiff-Appellant James M. Brandon:                 David Ludwig, Dunlap Bennett & Ludwig PLLC, New York, NY.

For Defendants-Appellees NPG Records, Inc.,
NPG Music Publishing, LLC,
The Estate of Prince Rogers Nelson,
and Comerica Bank & Trust, N.A.:

Lora M. Friedemann, Fredrikson &
Byron, P.A., Minneapolis, MN,
Michael J. Tricarico, Kennedys CMK
LLP, New York, NY.


For Defendants-Appellees Shelton Jackson Lee,
Forty Acres and a Mule Musicworks, Inc., and
Twentieth Century Fox Film Corp.:

Matthew S. Nelles, E. Adriana
Kostencki, Nelles Kostencki, PLLC,
Fort Lauderdale, FL, Howard J. Shire,
Troutman Pepper Hamilton Sanders
LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Woods, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant James M. Brandon appeals from the April 30, 2020 judgment of the United States District Court for the Southern District of New York (Woods, *J.*), granting Defendants-Appellees' motion to dismiss Brandon's amended complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, which we reference only as necessary to explain our decision to affirm.

I.    **Background**

In 2015, Brandon filed a lawsuit in the United States District Court for the Southern District of Florida (the "Florida litigation") alleging copyright infringement claims against a number of defendants, including, among others, some of the defendants in this action: Prince Rogers Nelson

("Prince"),[1] Shelton Jackson ("Spike") Lee, Forty Acres and a Mule Musicworks, Inc. ("Forty Acres Music"), and Twentieth Century Fox Film Corporation ("Twentieth Century Fox") (collectively, the "Prince and Lee Defendants"). Brandon alleged that the song "Girl 6," which had been written and performed by Prince for a Spike Lee film of the same name, infringed upon his 1995 copyright for the song "Phone Sex." By its terms, Brandon's copyright registration covered song lyrics only. However, in support of his copyright infringement claims, Brandon alleged, *inter alia*, that Girl 6 and Phone Sex both have "substantially similar . . . two-word, two-pitch hook[s]," the same "'trumpet hit' arrangement," and "a similar layout" using "an echo-sound reverberation effect." App'x at 108.

A number of defendants who are not parties in this action, including Tommy Elm ("Elm") and Warner Brothers Records, Inc. ("Warner Brothers"), moved to dismiss Brandon's complaint for failure to state a claim pursuant to Rule 12(b)(6). The district court in Florida (the "Florida court") granted the motions, finding that the operative complaint failed to state a claim for copyright infringement. In particular, the Florida court held that "short phrases or common or ordinary words," such as "phone sex," are not copyrightable as a matter of law, App'x at 63, and that, therefore, the alleged similarities between the lyrics of Girl 6 and Phone Sex could not provide a basis for Brandon's copyright infringement claim. The Florida court also declined to address whether Girl 6 infringed upon the melody, arrangement, or performance of Phone Sex because Brandon's copyright registration covers only the lyrics of the song, and rejected Brandon's assertion that a supplemental application he had filed with the United States Copyright Office while the litigation in Florida was pending expanded his copyright registration to include the

---

[1] Prince Rogers Nelson—better known as the recording artist Prince—passed away while the Florida litigation was pending.

3

melody, arrangement, and performance of Phone Sex. As to the Prince and Lee Defendants, the Florida court dismissed the case against them without prejudice for insufficient service of process. App'x at 70–73.

Brandon subsequently brought the instant action in the United States District Court for the Southern District of New York against the Prince and Lee Defendants and certain other parties, again alleging that Girl 6 infringed upon his copyright for Phone Sex. The district court in this action granted defendants' motions to dismiss under Rule 12(b)(6) and held that the doctrine of collateral estoppel bars Brandon from relitigating issues that previously have been decided against him.

## II.    Discussion

We review a district court's dismissal of a complaint under Rule 12(b)(6) *de novo*, "'construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor.'" *Kim v. Kimm*, 884 F.3d 98, 102–03 (2d Cir. 2018) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)). In addition, we review *de novo* the district court's application of the doctrine of collateral estoppel. *See Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 93 (2d Cir. 2005). Although a defense such as collateral estoppel is normally to be raised as an affirmative defense, *see* Fed. R. Civ. P. 8(c)(1), where "'it is clear from the face of the complaint . . . that the plaintiff's claims are barred as a matter of law,' dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate," *Austin v. Downs, Rachlin & Martin Burlington St. Johnsbury*, 270 F. App'x 52, 53 (2d Cir. 2008) (summary order) (quoting *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000)). In the present case this is clear from the amended complaint and its attached exhibits.

4

The doctrine of collateral estoppel, or issue preclusion, bars parties "from relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288 (2d Cir. 2002). Federal law applies in cases where, as here, the preclusive effect of a prior federal judgment is at issue. *See Purdy v. Zeldes*, 337 F.3d 253, 258 n.5 (2d Cir. 2003). Under federal law, "[c]ollateral estoppel applies when: '(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party [against whom collateral estoppel is being asserted] had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits.'" *Marvel Characters, Inc.*, 310 F.3d at 288–89 (quoting *Boguslavsky v. Kaplan*, 159 F.3d 715, 720 (2d Cir. 1998)). Applying these factors here, we agree with the district court's conclusion that the Florida court's decision against Brandon precludes him from relitigating the question of whether Girl 6 infringed his copyright for Phone Sex.

First, it is undisputed that the instant case involves the same issue as the proceeding in the Southern District of Florida. In the Florida litigation and here, Brandon asserts, in a nearly identical manner, that Girl 6 infringed his copyright registration for Phone Sex. *Compare* App'x at 108, ¶¶ 33–35, *with* App'x at 169–70, ¶¶ 30–32. Second, it is clear that the copyright infringement issue was actually litigated and decided in the Florida litigation. After Brandon filed three amended complaints alleging copyright infringement, the parties in that action briefed that issue extensively in connection with defendants' motions to dismiss. The Florida court then issued a detailed order, dismissing Brandon's Third Amended Complaint and holding that the short phrase "phone sex" is not copyrightable, that Brandon's copyright registration covers only song lyrics, not melody, arrangement, or performance, and that Brandon's supplemental application

5

does not expand the scope of his copyright for the song Phone Sex. Third, the procedural history of the Florida litigation also demonstrates that Brandon had a full and fair opportunity to litigate copyright infringement before the Florida court and, as discussed more fully below, Brandon raises no convincing arguments to the contrary. Fourth, resolution of the copyright infringement issue was necessary to support the Florida court's final judgment on the merits. Among the defendants in the Florida litigation, Elm and Warner Brothers moved to dismiss Brandon's complaint for failure to state a claim for copyright infringement. In granting those motions and dismissing the complaint on the merits, the Florida court was required to resolve the copyright infringement issue, and it did. Therefore, all four requirements for applying the doctrine of collateral estoppel against Brandon in this case have been met.

On appeal, Brandon asserts that he was not afforded a full and fair opportunity to litigate the copyright infringement issue in the Florida litigation. Brandon, as the party seeking to prevent the application of collateral estoppel here, has the burden of showing that he did not have a full and fair opportunity to litigate copyright infringement before the Florida court. *See Proctor v. LeClaire*, 715 F.3d 402, 414 (2d Cir. 2013). Specifically, Brandon contends that his "inability to obtain appellate review of an issue or the lack of such review once an appeal is taken" prevents the application of collateral estoppel. Appellant Br. at 13–14. We disagree with Brandon's premise that he was unable to obtain appellate review. In support of this argument, Brandon appears to contend that, had he appealed the Florida court's decision to the Court of Appeals for the Eleventh Circuit, the decision would have been subject to highly deferential clear error review because the Florida court "prematurely resolved" issues of fact at the motion to dismiss stage of the litigation. Appellant Br. at 14–16.

6

As an initial matter, we reject Brandon's premise that the Eleventh Circuit would have reviewed the Florida court's decision for clear error. Like this Court, the Eleventh Circuit reviews a district court's grant of a motion to dismiss *de novo*. *See Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 856 F.3d 1338, 1339 (11th Cir. 2017). Moreover, we agree with the district court here that the Florida court did not improperly resolve any factual issues. Instead, accepting all of the facts alleged in Brandon's Third Amended Complaint as true, the Florida court held that Brandon failed to state a claim of copyright infringement *as a matter of law*.

Furthermore, the cases that Brandon relies upon for the proposition that his decision not to appeal the Florida court's ruling should prevent the application of collateral estoppel are inapposite. In *Gelb v. Royal Globe Insurance Co.*, we held that collateral estoppel did not apply in an insurance dispute to the issue of whether plaintiff caused a fire because we had not decided that issue in plaintiff's prior criminal appeal, noting that "*if an appeal is taken* and the appellate court affirms on one ground and disregards the other, there is no collateral estoppel as to the unreviewed ground." 798 F.2d 38, 45 (2d Cir. 1986) (emphasis added). Here, Brandon did not appeal the Florida court's decision, let alone raise multiple grounds for appeal. Indeed, in relying on *Gelb*, Brandon ignores that we expressly stated that "failure to appeal does not prevent preclusion." *Id.* at 44. In short, *Gelb* does nothing to support Brandon's contention that his failure to seek appellate review of the Florida court's decision prevents the application of collateral estoppel in this case.[2] As the district court here aptly noted, if Brandon took issue with the Florida

---

[2] Brandon's reliance on our decision in *Aviall, Inc. v. Ryder System, Inc.*, 110 F.3d 892 (2d Cir. 1997), is similarly misplaced. In that case, we stated that the district court's partiality finding regarding an arbitrator could not be used to collaterally estop the losing party from litigating that issue in the future because the district court's finding as to the partiality issue was not essential to its ultimate decision, and because we did not address that issue on appeal. *See id.* at 897. Thus, like *Gelb*, *Aviall* is inapposite given that Brandon filed no appeal in the Florida litigation.

court's decision against him on the merits, "the proper recourse was an appeal to the Eleventh Circuit Court of Appeals, not a second bite at the apple in the Southern District of New York." App'x at 602–03.

In addition to the foregoing, Brandon argues that the absence of defendants in this case from the Florida litigation should prevent the application of collateral estoppel. Brandon is mistaken, however, because it is well established that mutuality of parties is not a prerequisite for the application of collateral estoppel where, as here, a losing party raises identical issues in consecutive judicial proceedings. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326–27 (1979); *see also Wilder v. Thomas*, 854 F.2d 605, 621 (2d Cir. 1988) (holding that defendants may "invoke defensive collateral estoppel even though they were not parties" in the prior case because "[t]he central question is whether the plaintiffs have had their day in court, and the answer here is 'yes'" (internal citation omitted)); *Austin*, 270 F. App'x at 54 ("Under non-mutual collateral estoppel, if a litigant has had an opportunity to fully and fairly litigate an issue and lost, then third parties unrelated to the original action can bar the litigant from relitigating that same issue in a subsequent suit." (citing *United States v. Ustica*, 847 F.2d 42, 49 n.14 (2d Cir. 1988))). Simply put, it is of no moment that some of the defendants in the instant case were not parties to the Florida court's decision on the motions to dismiss; what matters is that *Brandon* was a party and, therefore, had ample opportunity to litigate the copyright infringement issue.

It is for this reason that Brandon's reliance on *Taylor v. Sturgell*, 553 U.S. 880 (2008) is unavailing. At issue in *Taylor* was whether a lawsuit should be precluded in light of a prior judgment in a case in which the plaintiff *was not* a party and therefore did not have the opportunity to litigate the claims at issue. *Id.* at 884–85. In the instant case, by contrast, Brandon—the party

8

against whom collateral estoppel is sought—*was* a party to the Florida litigation, where he had the opportunity to litigate the alleged copyright infringement issue. Thus, *Taylor* has no bearing here.

\* \* \*

We have considered all of Brandon's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court