24-748-cv
*Araoz v. The New Albany Company, LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of October, two thousand twenty-four.

Present:     GUIDO CALABRESI,
             WILLIAM J. NARDINI,
                  *Circuit Judges*,
             PAUL A. ENGELMAYER,
                  *District Judge*.[1]

_____

JENNIFER D. ARAOZ,
          *Plaintiff-Appellant*,

          v.                                          24-748-cv

THE NEW ALBANY COMPANY, LLC, THE
WEXNER FAMILY CHARITABLE FUND, THE
YLK CHARITABLE FUND, ABIGAIL S.
WEXNER, THE WEXNER FOUNDATION, and
LESLIE H. WEXNER,
          *Defendants-Appellees*.

_____

*For Plaintiff-Appellant*:          JONATHAN I. EDELSTEIN, Edelstein & Grossman, New
                                    York, NY.

---

[1] Judge Paul A. Engelmayer of the United States District Court for the Southern District of New York, sitting by designation.

*For Defendant-Appellee*:     MARION H. LITTLE, JR. (Matthew S. Zeiger, *on the brief*), Zeiger, Tigges & Little LLP, Columbus, OH.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ann M. Donnelly, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 1, 2024, judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Jennifer Araoz appeals a judgment entered on March 1, 2024, in the United States District Court for the Eastern District of New York (Ann M. Donnelly, *District Judge*) dismissing her various tort claims against Defendants-Appellees Leslie and Abigail Wexner, their charities and trusts, and their real estate firm, The New Albany Company, LLC, based on abuse she alleged she suffered at the hands of Jeffrey Epstein. She claimed that the defendants were liable for that abuse based on their prior association and business dealings with Epstein.[2] The district court dismissed the complaint based on *res judicata*, because Araoz had previously brought a state-court action against Epstein's estate, entities, and certain of his associates; she voluntarily discontinued that case with prejudice in November 2020; all of the defendants in the present case were in privity with one or more defendants in the previous case; and all of her present claims could have been brought in the earlier action. Araoz now contends that the district court erred in following traditional *res judicata* analysis, and instead should have taken a "contractual privity" approach, along the lines discussed by this Court in *Boguslavsky v.*

---

[2] An indictment of Jeffrey Epstein was unsealed in the United States District Court for the Southern District of New York on July 8, 2019, charging Epstein with two counts of child sex trafficking and sex trafficking conspiracy. Indictment, *United States of America v. Epstein*, No. 19-CR-490 (S.D.N.Y. July 2, 2019). Soon after his arraignment and denial of bail, Epstein committed suicide while in pretrial detention. Letter as to Jeffrey Epstein, No. 19-CR-490, Docket Entry No. 44 (S.D.N.Y. Aug. 14, 2019).

*S. Richmond Sec., Inc.*, 225 F.3d 127, 130 (2d Cir. 2000). Specifically, she argues that her discontinuance of the earlier action was based on a release with only the defendants named in that case. Because the present defendants were not in "contractual privity" with her as parties to that release, she contends, the dismissal of the earlier case does not preclude her present suit against them. We do not reach the merits of Araoz's argument, because it was not presented to the district court and therefore is not preserved for appeal. We assume the parties' familiarity with the case.

"The law in this Circuit is clear that where a party has shifted his position on appeal and advances arguments available but not pressed below, and where that party has had ample opportunity to make the point in the trial court in a timely manner, waiver will bar raising the issue on appeal." *United States v. Braunig*, 553 F.2d 777, 780 (2d Cir. 1977).[3] Short of affirmative waiver, an issue is still forfeited and therefore not preserved for review if the party "merely incant[s] the phrase . . . and then immediately proceed[s] to argue a different theory," or fails to "offer *some* argument or development of its theory," *United States v. Griffiths*, 47 F.3d 74, 77 (2d Cir. 1995). We have discretion to consider otherwise forfeited arguments "where necessary to avoid a manifest injustice or where the argument presents a question of law and there is no need for additional fact-finding," but "[w]e will generally not, however, exercise our discretion where the forfeited argument was available to the parties below and they proffer no reason for their failure to raise the arguments below." *United States v. Gomez*, 877 F.3d 76, 95 (2d Cir. 2017).

Here, Araoz's core argument on appeal, to the extent it was presented at all, was only ever mentioned below in a single sentence of a supplemental letter she submitted to the district court in response to the Defendants-Appellees' motion to dismiss. Araoz cited two district court cases

---

[3] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

that touched on whether non-signatories of two separate release-of-claims agreements were intended third-party beneficiaries of those agreements. One of the agreements was signed by victims of Epstein's sexual abuse as part of the Epstein Victim Compensation Program ("EVCP"), and the other was signed by Epstein and a victim, Virginia Giuffre, in 2009. *Doe 1 v. JPMorgan Chase Bank, N.A.*, 2023 WL 3945773, at *3 (S.D.N.Y. June 12, 2023); *Giuffre v. Andrew*, 579 F. Supp. 3d 429, 444 (S.D.N.Y. 2022). Neither case discusses "contractual privity" in terms or substance. Araoz's supplemental letter to the district court asserts that she signed the same EVCP release as the plaintiffs in *Doe 1*, but Araoz never submitted such a release or settlement document to the district court. Nor did she argue that the existence of such a release required the court to eschew traditional *res judicata* analysis (which asks whether, among other things, the defendants in the earlier and later cases were in privity with one another) and instead to determine whether the present defendants fell within the scope of that (unsubmitted) release. Also, Araoz did not mention the term "contractual privity," or cite any cases (like this Court's decision in *Boguslavsky*) that she now claims set forth the correct legal standard. To the contrary, all of Araoz's briefing before the district court argued her position within the traditional *res judicata* framework. We therefore conclude that Araoz failed to adequately present her argument in the district court and—regardless of whether it was waived or merely forfeited—we see no compelling reason to take it up for the first time on appeal. *See Drabinsky v. Actors' Equity Ass'n*, 106 F.4th 206, 217 n.5 (2d Cir. 2024).

Araoz argues in the alternative that, even under ordinary *res judicata* principles, dismissal was improper. She argues that her claims were not discoverable with reasonable due diligence (because, among other things, the Wexners had fraudulently concealed the depth of their

4

involvement with Epstein) when she filed her earlier action in August 2019 or when she agreed to participate in the EVCP in July 2020. *See In re Layo*, 460 F.3d 289, 292–93 (2d Cir. 2006) ("[N]ewly discovered evidence does not preclude the application of *res judicata*. Exceptions to this rule exist when the evidence was either fraudulently concealed or when it could not have been discovered with due diligence."). But the question is not what Araoz knew (or could have known) when she filed her earlier complaint or at some other fixed point during that litigation; the question is whether the information was available "prior to the dismissal" of her action in November 2020. *Cho v. Blackberry Ltd.*, 991 F.3d 155, 169 (2d Cir. 2021) (emphasis added). Upon review of the record, we agree with the district court that, by November 2020, Araoz had access to sufficient public information to bring the claims she asserts in the present case. In these circumstances, both the law of this Circuit and the law of New York are in harmony (and thus we need not decide which applies): The fraudulent concealment and non-discoverability exceptions to *res judicata* do not apply. *See id.*; *Burgess v. Goord*, 729 N.Y.S.2d 203, 205 (3d Dep't 2001) (applying *res judicata* when there was "nothing in the record to support respondents' contention . . . that the allegedly newly discovered evidence supporting [their action] was not available and could not have been made available through the exercise of reasonable diligence" prior to adjudication of an earlier action addressing the same factual circumstances).

\* \* \*

We have considered Araoz's remaining arguments and find them to be unpersuasive. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5