**ACLI GOVERNMENT SECURITIES, INC., Plaintiff–Appellee,**

v.

**Daniel RHOADES, Defendent,**

and

**Milton Braten, Defendant–Appellant,**

and

**Kingsgate Associates, Appellant,**

and

**Advest, Inc., Intervenor.**

**No. 1266, Docket 91–9213.**

United States Court of Appeals, Second Circuit.

Argued April 6, 1992.

Decided May 6, 1992.

Elizabeth A. Haas, Spring Valley, N.Y. (Barr & Rosenbaum, Spring Valley, N.Y., Karl L. Kenyon, Kenyon & Lusk, Anderson, S.C., of counsel), for appellants.

Jacques Semmelman New York City (Curtis, Mallet–Prevost, Colt & Mosle, Daniel R. Lenihan, of counsel), for plaintiff-appellee.

Stefan Underhill, Stamford, Conn. (Day, Berry & Howard, of counsel), for intervenor.

Before FEINBERG, WINTER and ALTIMARI, Circuit Judges.

FEINBERG, Circuit Judge:

In this bitter litigation, Milton Braten and Kingsgate Associates appeal from an order of the United States District Court for the Southern District of New York, Morris E. Lasker, J., dated October 9, 1991, granting a stay pursuant to the Anti–Injunction Act, 28 U.S.C. § 2283, of three lawsuits pending in the Supreme Court of the State of New York, County of New York. Appellants contend that the district court erred in granting the stay because the issues raised in the state actions were not raised in federal court and therefore, the relitigation exception to the Anti–Injunction Act did not apply. For the reasons given below, we affirm in substantial part and reverse in part.

## BACKGROUND

This appeal arises out of an action that appellee ACLI Government Securities, Inc. (ACLI) brought in the Southern District against Daniel Rhoades (Rhoades) and Milton Braten (Braten). Following a jury trial before Judge Lasker, ACLI obtained judgments (including pre-judgment interest) of $631,106.14 against Braten and $1,519,-898.50 against Rhoades. ACLI has managed to collect some of the amounts due but it asserts that the outstanding judgments against Braten and Rhoades (including post-judgment interest) still exceed $180,000 and $1,950,000, respectively.

After judgment was entered against Braten, he sought leave to post security in lieu of a supersedeas bond. Pursuant to Judge Lasker's order dated June 29, 1983, staying ACLI's enforcement of the judgment and granting leave to post security, Braten established a segregated account for that purpose (the Special Account) with Advest, Inc. (Advest), a stock brokerage house and intervenor in this proceeding. According to Braten, the account contained approximately one million dollars of equity in marketable securities. On July 14, 1983, the judge vacated the order staying ACLI's execution on the Special Account. Advest

subsequently began the liquidation of the Special Account, during which the market value of the stocks declined. This decline, according to appellants, was caused by mismanagement and the liquidation resulted in only a partial satisfaction of ACLI's judgment.

Meanwhile, Braten had ownership interests in another account at Advest (the Kingsgate Account). In early summer 1983, according to appellants, ACLI and Advest "de facto" froze the Kingsgate Account, refusing to permit transfers out of the account, although it was not the subject of the garnishment issued at that time. As a result of this "freeze," appellants claim, the value of the account was dissipated before it could be liquidated in satisfaction of the ACLI judgment. On November 23, 1983, ACLI moved to declare the assets in the Kingsgate Account subject to the satisfaction of the outstanding judgments, contending that Rhoades and Braten were the only true owners in interest of the Kingsgate Account. Judge Lasker referred questions of ownership of the Kingsgate Account and related issues to a magistrate judge, who later found that ACLI's contention was correct. The magistrate judge's findings were ultimately accepted by Judge Lasker. ACLI succeeded in obtaining an order from Judge Lasker temporarily freezing the Kingsgate Account on January 23, 1984. By that time, however, the account allegedly had little value.

On March 15, 1985, Braten moved for an order under Fed.R.Civ.P. 60(b) declaring that ACLI's judgment against him be deemed satisfied, arguing that the liquidation of the Special Account was under the control of plaintiff ACLI and that if the liquidation did not yield sufficient monies to pay the judgment, it was because of mismanagement by ACLI. Judge Lasker, after accepting deposition testimony, affidavits and other written submissions in lieu of a formal hearing, issued an opinion on July 21, 1986, finding that "ACLI did not control the liquidation of Braten's account at Advest."

Meanwhile, shortly after he had filed his Rule 60(b) motion, Braten instituted the

first state action, naming Advest, Kleinwort (ACLI's successor in interest) and Edward Pichler (the sheriff of New York City) as defendants. Braten's contentions in the complaint in the state court were substantially the same as those in his then pending Rule 60(b) motion, i.e., mishandling of the Special Account had left it insufficient to satisfy the ACLI judgment.

In August 1986, Braten instituted his second state action, naming Curtis, Mallet-Prevost, Colt & Mosle (Curtis), ACLI's counsel, as defendant. The allegations in the complaint were essentially the same as those in the first state court action, except that they were directed solely against Curtis. Braten claimed in this action that Curtis had controlled the liquidation of the Special Account and was responsible for its allegedly improper dissipation.

By order dated September 2, 1986, Judge Lasker denied Braten's Rule 60(b) motion. He found that ACLI "and its counsel, [Curtis], did not conduct, control or direct the course of the liquidation of Braten's account at Advest, Inc." A subsequent motion for reconsideration was denied.

In August 1986, appellant Kingsgate Associates commenced the third state action, against Advest, Kleinwort and Curtis, alleging that the defendants had improperly handled the Kingsgate Account.

Several years later, in February 1991, ACLI moved in the federal district court for an order, pursuant to 28 U.S.C. § 2283, staying the three state actions. Advest joined in this motion. The basis for staying the first two state actions—involving the alleged mismanagement of the Braten account—was that the issues had been fully litigated in the Rule 60(b) motion before Judge Lasker and that the judge had found that neither ACLI nor Curtis had been responsible for the decline in value of the Special Account. The basis for staying the third state court action—involving the alleged mismanagement of the Kingsgate account—was that Braten was asking a state court to scrutinize a liquidation process that had been conducted under the authority and orders of the federal district court.

On October 9, 1991, in a brief order, Judge Lasker granted ACLI's motion to stay the three state actions. This appeal followed.

## DISCUSSION

The Anti–Injunction Act, which generally precludes a federal court from enjoining proceedings in a state court, provides as follows:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, *or to protect or effectuate its judgments.*

28 U.S.C. § 2283 (emphasis added). The emphasized language creates an exception for those cases in which an injunction is necessary to effectuate a judgment of the federal court and prevent the relitigation of issues that the federal court has already decided. See *Amalgamated Sugar Co. v. NL Indus., Inc.,* 825 F.2d 634, 639 (2d Cir.), cert. denied, 484 U.S. 992, 108 S.Ct. 511, 98 L.Ed.2d 511 (1987). Judge Lasker relied upon this exception in enjoining the three state actions.

Appellants claim that the judge abused his discretion when he stayed the state proceedings. Under *Chick Kam Choo v. Exxon Corp.,* 486 U.S. 140, 148, 108 S.Ct. 1684, 1690, 100 L.Ed.2d 127 (1988), appellants note, "an essential prerequisite for applying the relitigation exception is that the claims or issues which the federal injunction insulates from litigation in state proceedings actually have been decided by the federal court .... [T]his prerequisite is strict and narrow." The issues raised in the state proceedings, according to appellants, are "the improper liquidation of the Special Account and the improper seizure of the Kingsgate Account prior to an Order authorizing the seizure of that account." Appellants argue that these issues were not addressed by the federal court and that, therefore, litigating them in state court would not challenge the integrity of a federal court judgment.

Appellants also claim that the relitigation exception to section 2283 is inapposite here

because the parties involved in the state and federal courts are not all the same. Since the state actions involved three nonparties to the federal litigation—Kingsgate Associates, Curtis and Advest—the actions could not be enjoined, according to appellants, at least as to these new parties.

■ *Identity of parties.* Turning first to the latter contention, the argument is flawed with respect to all three parties mentioned. Kingsgate Associates, as found by the magistrate judge and Judge Lasker, consisted of only two real partners in interest, Braten and Rhoades, the defendants in the original federal action brought by ACLI. The third alleged partner, Kingsgate Trading, Ltd., was controlled by Rhoades. It was as a result of this finding that the magistrate judge recommended that an order be entered declaring the assets in the Kingsgate Account subject to execution by ACLI, a recommendation adopted by Judge Lasker. Since Braten and Rhoades—the owners of Kingsgate Associates—were parties to the federal action, there is no question here, with respect to Kingsgate Associates, of binding entities that have not had a full and fair opportunity to litigate the issues.

As for Curtis, ACLI's attorney, appellants cannot properly complain that Curtis was not a party to the original federal action. Curtis, which is a defendant in the second and third state actions, may utilize Judge Lasker's rulings against Braten and Kingsgate Associates, the plaintiffs in the second and third state actions, respectively, because both Braten and Kingsgate Associates had a full and fair opportunity to litigate the issues. See *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326–31, 99 S.Ct. 645, 649–52, 58 L.Ed.2d 552 (1979) (the doctrine of mutuality, at least for defensive use of collateral estoppel, no longer applies); *Blonder–Tongue Lab., Inc. v.*

*University of Ill. Found.*, 402 U.S. 313, 328–30, 91 S.Ct. 1434, 1442–44, 28 L.Ed.2d 788 (1971) (strongly suggesting that the mutuality requirement is no longer tenable). The same holds true with respect to Advest, which is a defendant in the first and third state actions.

*Identity of issues: The first two state actions.* In the first two state actions, Braten sought to litigate responsibility for the improper management of the Special Account. In the first action, Braten blamed Advest and ACLI (as well as the sheriff of New York City) for the mismanagement; in the second, Braten blamed Curtis. As discussed above, Braten had also moved in federal court for an order, pursuant to Rule 60(b), declaring the Braten judgment paid and satisfied. Braten reasoned that ACLI and Curtis had improperly liquidated the account and that absent such mismanagement, the account would have been sufficient to pay the judgment. Judge Lasker denied the motion, finding that ACLI "and its counsel, [Curtis], did not conduct, control or direct the course of the liquidation of Braten's account at Advest, Inc." With regard to Advest's responsibility in liquidating the Special Account, Judge Lasker stated and reiterated on a later motion for reconsideration that primary control of the liquidation process had been exercised by Advest and that any cause of action that Braten may have is against Advest.

It is clear from the words of the district court in addressing Braten's Rule 60(b) motion that all issues raised by Braten in his first two state actions and pressed on appeal to us have been litigated in the federal court, with the exception of Advest's responsibility for the alleged mismanagement of the Special Account.[1] Appellants claim, however, that post-judgment acts "are not within the very limited exceptions to the Anti–Injunction Act." This claim, unac-

1. Advest claims that Judge Lasker found that Braten had agreed to a slow liquidation of the Special Account, which should preclude Braten from raising the issue of Advest's mismanagement in state court. However, Judge Lasker did not address the question whether Braten's agreement authorized the way in which Advest ultimately did liquidate the Special Account, leaving open the possibility that Advest took longer than the agreement authorized or mismanaged the account in some other way not contemplated by the agreement. Therefore, the question of whether Advest's conduct went beyond the scope of Braten's agreement has not already been litigated in federal court and may appropriately be addressed by the state court.

companied by any citation of authority, is contradicted by *Sperry Rand Corp. v. Rothlein*, 288 F.2d 245, 248–49 (2d Cir. 1961), in which this court interpreted the term "judgment" in the Anti-Injunction Act to include even interlocutory orders, necessarily including as well all final orders from which an appeal lies. The post-judgment orders and rulings made by Judge Lasker that formed the basis for his stay of the state court actions were all final orders subject to appeal. See *Cinerama, Inc. v. Sweet Music, S.A.*, 482 F.2d 66, 71–72 (2d Cir.1973); *Welden v. Grace Line, Inc.*, 404 F.2d 76, 77 (2d Cir.1968). As such, they fall squarely within the relitigation exception to section 2283. We accordingly affirm the judgment of the district court staying the first two state actions as to all defendants there except Advest, as to whom we reverse the judgment of the district court on the first action. Accordingly, that action may be pressed in the state court but *only* against Advest.

*Identity of issues: The third state action.* In the third state action, Kingsgate Associates sought to hold Kleinwort, Advest and Curtis responsible for improperly freezing the Kingsgate account. (As already indicated, the district court justifiably found that Kingsgate Associates consisted of only two real partners in interest, Braten and Rhoades, who were the defendants in ACLI's original action in the Southern District). Judge Lasker stayed the third state action on the rationale that "the account which is the subject of the action was liquidated by Advest in the ordinary course and pursuant to the authority of this court's order." When action is taken pursuant to a federal court order, the court may enjoin state court action instituted to undermine that order. See *Sperry Rand Corp.*, 288 F.2d at 248–49; *In re Baldwin–United Corp.*, 770 F.2d 328, 335 (2d Cir.1985). In this case, however, the "court's order" did not issue until January 23, 1984. The challenged activity, on the other hand, had allegedly begun six months prior to the district court order freezing the Kingsgate account. The challenged activity therefore could not have all occurred "pursuant to" the district judge's order.

To this limited extent, we therefore reverse the district court's stay of the third action provided that Kingsgate amends its complaint against Kleinwort, Advest and Curtis to limit its allegations to the period prior to January 23, 1984, the date of Judge Lasker's order freezing the account.

We have considered all of appellants' remaining arguments and find them to be without merit.

Affirmed in substantial part and reversed in part.