48 F.3d 259
 Randall D. ALLEN, Individually and as Father and Next Friend
of Hanna L. Allen, Plaintiff-Appellant,
v.
Janet L. ALLEN, Rick E. Hickenbottom, and John G. Townsend,
the Honorable Judge of the Circuit Court of the
Sixth Judicial Circuit, Champaign
County, Illinois, Defendants-Appellees.
 No. 94-1922.
 United States Court of Appeals,
Seventh Circuit.
 Argued Jan. 6, 1995.
Decided Feb. 17, 1995.
 
 Paul R. Wilson, Jr. (argued), Wilson & Lanto, Rantoul, IL, for plaintiff-appellant.
 Kristen H. Fischer; Betsy P. Wong (argued), Phebus, Winkelmann, Wong, Bramfeld & Zopf, Urbana, IL, Karen L. McNaught, Asst. Atty. Gen., Office of the Atty. Gen., Springfield, IL, Alison E. O'Hara, and Rita Novak (argued), Office of the Atty. Gen., Civ. Appeals Div., Chicago, IL, for defendants-appellees.
 Before CUMMINGS and KANNE, Circuit Judges, and GRANT, District Judge.*
 CUMMINGS, Circuit Judge.
 
 
 1
 Plaintiff Randall Dean Allen ("Allen") appeals the dismissal of his complaint seeking injunctive and declaratory relief and damages from defendants Rick E. Hickenbottom, the former husband of Allen's wife Janet, and John G. Townsend, a circuit judge in Champaign, Illinois, who handled the marriage dissolution proceedings between Janet and Hickenbottom.[1] Allen is the biological father of Hanna Allen, who was born during Janet's marriage to Hickenbottom. However, Allen did not establish his paternity until February 1992, some 35 months after Hanna's birth, when he filed a petition to adopt Hanna. Prior to that, in January 1992, Judge Townsend had entered a supplemental order in the marriage dissolution proceeding granting Hickenbottom visitation with Hanna.
 
 
 2
 In September 1993, Judge Townsend held Janet in contempt of court for failing to comply with his previous visitation order. Janet appealed this order, arguing that it was void because the underlying visitation judgment had failed to join Randall Allen as a necessary party. The Illinois appellate court affirmed the contempt order, noting that because Allen had not sought to establish his paternity when visitation was ordered he had no legal rights to be affected at the time. In re Allen, 265 Ill.App.3d 208, 202 Ill.Dec. 694, 638 N.E.2d 340 (1994), appeal denied, 158 Ill.2d 549, 206 Ill.Dec. 834, 645 N.E.2d 1356 (1994). Thus to this date Hickenbottom retains some legal right to visitation with Hanna.
 
 
 3
 Allen brought the instant suit in November 1993, claiming deprivations of his federal constitutional rights and seeking a declaration that Judge Townsend's previous orders were null and void; an injunction against defendants from enforcing these orders; and a pronouncement that Hickenbottom lacked any relationship with Hanna entitling him to custody or visitation rights. At Judge Townsend's request the case was removed to federal court, and on March 18, 1994, Judge Baker dismissed the complaint sua sponte for want of federal jurisdiction.Discussion
 
 
 4
 Allen alleges a number of injustices in his brief: that his wife was forced to undergo the indignity of being cited and booked for contempt despite Judge Townsend's awareness that Hickenbottom was not Hanna's biological father; that the judge deprived Allen of the right to intervene in the state court proceedings where the visitation was granted; and that Judge Townsend's previous orders injured and continue to threaten his relationship with Hanna. Unfortunately for Allen, few if any of these complaints present this federal Court with a justiciable controversy, and to the extent that Allen offers even plausibly justiciable claims they would fail on the merits. With respect to the contempt charge, Janet had the right which she pursued unsuccessfully in state court to appeal the rulings on her own; but she brings no claim regarding the contempt proceeding in the instant case, and Allen cannot do so on her behalf. His allegation that Judge Townsend's orders deprived him of his wife's society and companionship does not in itself create a constitutional claim cognizable in federal court.
 
 
 5
 Regarding the dispute over the underlying custody decision, Allen's claim also fails. The district judge dismissed Allen's suit on the basis that various federal abstention doctrines prevented the federal court from exercising jurisdiction over the dispute. The Younger doctrine prohibits federal courts from intervening in ongoing state proceedings. Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669. The Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923)-Feldman doctrine holds that district courts have no jurisdiction over "challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486, 103 S.Ct. 1303, 1317, 75 L.Ed.2d 206. However, Allen was not a party to the underlying custody and visitation proceedings he now challenges--and these abstention doctrines extend only to parties to ongoing state court litigation while specifically leaving non-parties free to pursue their claims. See Leaf v. Supreme Court of Wisconsin, 979 F.2d 589, 598 (7th Cir.1992), certiorari denied, --- U.S. ----, 113 S.Ct. 2417, 124 L.Ed.2d 639; see also Lynk v. LaPorte Superior Court No. 2, 789 F.2d 554 (7th Cir.1986).
 
 
 6
 Had Allen followed prescribed state law procedures in establishing his parentage, of course, he would have been a party in the underlying suit and would have been barred by Younger and Rooker- Feldman from seeking review here. It would indeed be incongruous if Allen's failure to turn to his state court remedies gave him greater rights than someone who had adhered to these procedures; but in any event, the difficulty in applying Younger or Rooker-Feldman abstention does not mean that Allen's suit is properly before this Court. Much of Allen's complaint, particularly his request for relief in the form of a declaration that Hickenbottom possesses no visitation rights and the voidance of the visitation and custody orders previously entered, challenges the underlying custody decree. The domestic relations exception to federal jurisdiction prevents the district court from hearing such a claim. In the 1992 case of Ankenbrandt v. Richards, the Supreme Court re-affirmed the longstanding rule that domestic disputes involving divorce, custody or alimony issues are the province of state courts, and emphasized that this rule was a limitation on federal jurisdiction. --- U.S. ----, 112 S.Ct. 2206, 119 L.Ed.2d 468; see Alpern v. Lieb, 38 F.3d 933 (7th Cir.1994) (domestic relations exception barred suit seeking stay of divorce proceeding in federal court and subsequent damages suit against state judge).[2] The fact that the individual challenging the visitation decree was not a party to it does not alter the fact that adjudication of a fundamental custody dispute belongs in the state court.[3] Allen's amorphous constitutional claims are "inextricably intertwined" with these matters that escape our jurisdiction. See Landers Seed Co., Inc. v. Champaign Nat. Bank, 15 F.3d 729 (7th Cir.1994), certiorari denied, --- U.S. ----, 115 S.Ct. 62, 130 L.Ed.2d 20.
 
 
 7
 Even were we to decide that we had jurisdiction over this case, we would conclude that Allen's assorted claims lacked merit and dismiss the case under Fed.R.Civ.Pro. 12(b)(6). Allen cites no constitutional infirmity in his exclusion from the underlying state proceedings or in the proceedings themselves, and we discern none. The substantive due process rights Allen, an unwed father, possesses can constitutionally be curtailed by his failure to take affirmative steps to secure them. See Quilloin v. Walcott, 434 U.S. 246, 98 S.Ct. 549, 54 L.Ed.2d 511 (1978) (due process and equal protection do not demand that unmarried fathers have the same rights toward their children as married fathers). Allen suffered no deprivation of any kind until he failed to establish his parentage according to Illinois state law procedures.[4] Even then, he was invited to intervene in the custody proceedings, but chose not to do so. See Ellis v. Hamilton, 669 F.2d 510, 515 (7th Cir.1982) ("there is no denial of due process if the state provides reasonable remedies" and the plaintiffs fail to avail themselves of them), certiorari denied, 459 U.S. 1069, 103 S.Ct. 488, 74 L.Ed.2d 631. Judge Townsend properly exercised jurisdiction over the divorcing parties and the child born during the marriage, and was not required to add Allen, an individual who at the time had taken no steps to assert his parental status, to the action. Finally, Hickenbottom has stipulated that he no longer wishes to pursue visitation with Hanna, rendering the dispute essentially moot.
 
 
 8
 For all of the above reasons, there is nothing in the present dispute over which the district court should have exercised its jurisdiction or rendered a decision. Therefore, we affirm the decision of Judge Baker dismissing the federal complaint.
 
 
 
 *
 The Honorable Robert A. Grant of the Northern District of Indiana is sitting by designation
 
 
 [1]
 No relief was sought against Janet Allen, who is named as a defendant in this action
 
 
 [2]
 Prior to the decision in Ankenbrandt, this Court refused to extend the domestic relations exception to a tort claim involving interference with the custody of a child, brought by the father of a child against the child's mother, her husband, and the maternal grandparents, who absconded with the child in violation of the father's lawful custody. Lloyd v. Loeffler, 694 F.2d 489 (7th Cir.1982). Although Allen's complaint similarly alleges interference with the custody of Hanna, the cases are not on all fours. Allen makes a constitutional claim, not a tort claim; he alleges interference via the judge; and he seeks relief in the form of an altered custody decree. His claims fit much more neatly into the domestic relations exception delineated in Ankenbrandt than did Lloyd, in which the defendants were violating a decree rather than attempting to enforce one
 
 
 [3]
 The domestic relations exception is statutorily carved out from diversity jurisdiction. See Ankenbrandt, --- U.S. at ----, 112 S.Ct. at 2213. Yet its goal of leaving family disputes to the courts best suited to deal with them is equally strong, if not stronger, in the instant, non-diversity dispute where a volatile relationship among former and current spouses has led to a tug-of-war over a little girl and a campaign against a state court judge for carrying out his responsibilities
 
 
 [4]
 The Illinois Parentage Act, 750 ILCS 45/7-45/8, allows a biological father to rebut the statutory presumption that a child born during marriage is the husband's issue. There is a two-year limitation period on this right that commences with the child's birth. Id