165 F.3d 31
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John D. BERNTSON, Plaintiff-Appellant,
v.
INDIANA DIVISION OF FAMILY AND CHILDREN, Indiana Department
of Family and Social Services, et al., Defendants-Appellees.
 No. 98-1024.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 10, 1998.*
Decided Aug. 18, 1998.
Rehearing Denied Oct. 20, 1998.
 
 Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. No. 1:97CV0394. William C. Lee, Chief Judge.
 Before Hon. WALTER J. CUMMINGS, Hon. ILANA DIAMOND ROVNER, Hon. DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 John D. Berntson filed a thirty-two count complaint under 42 U.S.C. § 1983 alleging various violations of his civil rights by more than 130 defendants including judges, prosecutors, social workers, and board members and employees of social and state government organizations and agencies. Berntson's complaints stem from the fact that his former wife has custody of his children, and he is unhappy with various administrative decisions limiting his ability to see the children or have access to information about them. Berntson also alleges that many of the defendants conspired to deny him access to his children and "programmed" his children to fear and hate him. The district court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2) because Berntson's complaint failed to state a claim upon which relief may be granted. We construe Berntson's pro se complaint liberally, accepting all of the well-pleaded allegations as true, and drawing all reasonable inferences in favor of Berntson. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir.1997).
 
 
 2
 Berntson seeks damages for the wrongful interference with the custody and visitation rights of his children. He contends that the decisions of the Noble County, Indiana courts, various state and local agencies, the Central Noble School Corporation, the Indiana Attorney General's Office, the Indiana Secretary of Family and Social Services, the Noble County prosecutor, and a guardian ad litem obstructed his relationship with his children. Because domestic relations, including custody, divorce, and alimony disputes, are the primary responsibility of state courts, federal courts are prevented from hearing these disputes under the "domestic relations exception" to federal jurisdiction. Ankenbrandt v. Richards, 504 U.S. 689, 703, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992); Newman v. Indiana, 129 F.3d 937, 939 (7th Cir.1997). In addition, core or ancillary proceedings stemming from domestic relations disputes, such as the collection of unpaid alimony, fall within the exception. Friedlander v. Friedlander, No. 98-1391, slip op. at 3-4 (7th Cir. July 27, 1998). The domestic relations exception, however, does not extend to proceedings that merely arise out of a domestic relations dispute. See id. (domestic relations exception does not apply to tort action of intentional infliction of emotional distress caused by threats made to a former father-in-law concerning alimony). Because numerous counts of the complaint challenge Berntson's custody and visitation rights, the district court properly dismissed these counts under the "domestic relations exception." See Allen v. Allen, 48 F.3d 259, 261 n. 2 (7th Cir.1995) (constitutional claim involving custody dispute fits within domestic relations exception). Accordingly, the district court properly dismissed without prejudice Counts 2, 10, 11, 13, 14, 15, 16, 17, 20, 22, 23, 24, 26, 27, 28, 30, 31, and 32 of the complaint.
 
 
 3
 Berntson is also attacking state court orders and decisions denying him access to his children and information regarding his children, but here he runs into another stone wall. Federal courts do not have jurisdiction to review or modify state court judgments under the Rooker-Feldman doctrine. Rooker v. Fidelity Trust Co. ., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). A dissatisfied state litigant "may not seek reversal of a state court judgment simply by casting his complaint in the form of a civil rights action." Ritter v. Ross, 992 F.3d 750, 754 (7th Cir.1993). That in essence is what Berntson has done here. The district court, relying on Rooker-Feldman, properly dismissed without prejudice Counts 14 and 20.
 
 
 4
 Third, Berntson contends that a number of Indiana state judges and prosecutors performed their tasks erroneously. In general, judges have absolute immunity in performing judicial acts within their lawful jurisdiction. Newman, 129 F.3d at 941; Walrath v. United States, 35 F.3d 277, 281 (7th Cir.1994). Other officials, including prosecutors, have absolute immunity in the performance of their functions that are closely associated with the judicial process. Davis v. Zirkelbach, et al., No. 97-1107, slip op. at 3-4 (7th Cir. July 9, 1998); Walrath, 35 F.3d at 281. Even if a judge's or prosecutor's actions were erroneous or malicious, the judge or prosecutor still has immunity from suit. Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Berntson has alleged nothing that falls outside the scope of this immunity. The district court therefore properly dismissed with prejudice Counts 1, 3, 4, 5, 6, 25, and 29 of the complaint.
 
 
 5
 Berntson raises several claims against members of the board and employees of the Court-Appointed Special Advocate Program (CASA) in Northeast Indiana based on their alleged failure to respond to his allegations of violations of the CASA's code of ethics and recommended practices. See 42 U.S.C. § 13011 et seq. Berntson does not explain what these "allegations of violations" were. Furthermore, he does not present, nor have we located, any authority that a failure to adhere to the CASA guidelines violates a federal right actionable under § 1983. When a federal statute does not create enforceable rights, privileges, or immunities within the meaning of § 1983, a plaintiff alleging a violation of the federal statute may not sue under § 1983. Mallett v. Wisconsin Div. of Vocational Rehabilitation, 130 F.3d 1245, 1251 (7th Cir.1997); Miller v. Whitburn, 10 F.3d 1315, 1319 (7th Cir.1993). In determining whether a federal statute creates a right enforceable under § 1983, the court must decide whether the plaintiff is the intended beneficiary of the statute. Marie O. v. Edgar, 131 F.3d 610, 619 (1997). The purpose of the CASA program is to ensure that court-appointed special advocates are available to children who are victims of abuse or neglect. Those children are the intended beneficiaries of the statute, not Berntson. See 42 U.S.C. § 13012. CASA thus does not give him any enforceable rights under § 1983. In Count 18, Berntson also claims that a CASA employee lied to him. However, Berntson never tells us what constitutional right or federal statute was violated. All of this means that the district court properly dismissed without prejudice Counts 7, 8, 9, 12, 17, and 18 of Berntson's complaint.
 
 
 6
 Some of Berntson's allegations are against non-state actors, including employees of a foster care service company, psychiatric care givers, and a licensed physician. The district court concluded that Berntson's allegations did not fulfill the state action requirement under § 1983. A private citizen may be considered a state actor, however, if she performs functions that are "the exclusive prerogative of the State." Wade v. Byles, 83 F.3d 902, 905 (7th Cir.) (citation and quotations omitted), cert. denied, --- U.S. ----, 117 S.Ct. 311, 136 L.Ed.2d 227 (1996). There is no indication, nor even an allegation, about how these private citizens performed exclusive state functions. Thus, Counts 13, 15, and 16 of the complaint were properly dismissed without prejudice for failure to meet the state action requirement.
 
 
 7
 In Count 19 of the complaint, Berntson alleges that an investigator for the Indiana Commission on Judicial Qualifications failed to investigate a state judge's misconduct. Without explanation, Berntson then concludes that the investigator's conduct somehow denied him access to the courts. Once again, Berntson fails to establish how the investigator's alleged failure to investigate deprived him of a federal right. In Count 21, Berntson alleges that the Noble County treasurer and two lawyers attempted to enforce a property tax assessment against him, purportedly in retaliation for asserting his constitutional rights. Berntson concedes, however, that the enforcement of the property tax assessment was legal. In addition, Berntson does not maintain that these individuals violated a constitutionally protected right. See Grossbaum v. Indianapolis-Marion County Bldg. Auth., 100 F.3d 1287, 1294 (7th Cir.1996), cert. denied, 520 U.S. 1230, 117 S.Ct. 1822, 137 L.Ed.2d 1030 (1997). Therefore, Counts 19 and 21 were properly dismissed without prejudice.
 
 
 8
 AFFIRMED.
 
 
 
 *
 On the appellees' motion for an order of non-involvement on appeal due to lack of service in the district court, this court concluded that there were no appellees to be served in this appeal and that the appeal would be submitted without the filing of a brief by any appellee. After an examination of the brief and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the brief and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)