NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted October 25, 2011[*]
Decided October 26, 2011

Before

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 11-1464 | Appeal from the United States District Court for the Western District of Wisconsin. |
| MICHAEL O'GRADY, *Plaintiff-Appellant*, | |
| *v.* | |
| SYNTHIA Y. O'GRADY and DANIEL A. KLINT, *Defendants-Appellees*. | No. 10-cv-222-bbc Barbara B. Crabb, *Judge*. |

**Order**

Michael and Synthia O'Grady had four children before they divorced in January 1997. A state court in Wisconsin awarded principal custody to Synthia but entitled Michael to custody for prescribed periods. Michael contends that beginning in 1999 Synthia sometimes failed to turn the children over to him when required to do so. He contends in this suit under the diversity jurisdiction that her violation of the decree caused him emotional distress. All of the children now are adults, so ongoing custody is not at issue; the only potential relief is damages. The district judge concluded that the domestic-relations exception to the diversity jurisdiction, see *Ankenbrandt v. Richards*, 504 U.S. 689 (1992), applies to events after July 2006 and that Wisconsin's statute of limitations

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

blocks the remainder of Michael's claims. The suit thus was dismissed in part for lack of subject-matter jurisdiction, and the defendants received summary judgment on the remainder. Factual details do not matter to either issue, and we omit them to simplify this decision.

*Ankenbrandt* holds that federal courts do not have jurisdiction to grant divorces, provide for alimony, or determine child custody, but that suits for money damages are not outside the scope of 28 U.S.C. §1332 just because they relate to one of these topics. We anticipated *Ankenbrandt* by holding in *Lloyd v. Loeffler*, 694 F.2d 489 (7th Cir. 1982), that federal courts may award damages for Wisconsin's tort of interference with the custody of a child—if who is entitled to custody and when has been determined by the state. This led the district court to hold that it had subject-matter jurisdiction to resolve Michael's claim that Synthia had committed torts by flouting the state court's 1997 child-custody decree, as modified in 2004.

The district judge reached a contrary conclusion for events after mid-2006 (of which only one, in 2009, is at issue in this suit). In March 2006 Synthia asked the state judge to modify the child-custody decree. The judge asked for a response, including a draft custody plan, from Michael; he did not submit one. The judge then wrote Synthia's lawyer that, because Michael had not submitted a proposal, "your client can rely on your vision of the placement situation." Synthia did just that when, in 2009, she did not comply with one of Michael's demands for custody of the only child who had not reached adulthood. Michael wants damages because, he contends, Synthia's decision is incompatible with the 1997 child-custody decree and therefore is tortious. The district judge concluded, however, that only a state court can determine whether the 1997 decree had been modified in 2006. Michael contests that decision on appeal, but his entire position rests on the proposition that the lack of a formal order modifying the decree in 2006 means that there was no change. We agree with the district court that Michael's failure to cooperate with the state court in 2006, and the letter the judge sent to Synthia's lawyer, marked *some* change of the legal position, and that it would interfere with the child-custody process for a federal court to determine just what that change was and whether Synthia was in the right in 2009. See *Allen v. Allen*, 48 F.3d 259, 261–62 (7th Cir. 1995); *Jones v. Brennan*, 465 F.3d 304, 307 (7th Cir. 2006); *Struck v. Cook County Public Guardian*, 508 F.3d 858, 859–60 (7th Cir. 2007). This aspect of the current litigation therefore was properly dismissed by the district court under Fed. R. Civ. P. 12(b)(1).

Questions concerning Synthia's actions before mid-2006 do not require the federal court to determine any disputed issue about child custody. But Wisconsin's statute of limitations for intentional torts was two years, see Wis. Stat. §893.57, and this suit was not filed until April 2010, more than four years after the last acts squarely governed by the 1997 decree. (Section 893.57 was amended in 2009 to increase the time to three years, but the amendment applies only to claims that accrue after February 2010 and therefore does not affect this litigation.)

   Michael characterizes Synthia's acts as a "continuing violation" open to litigation any time within two years after the final act. We need not decide whether Wisconsin's courts would apply this doctrine to sequential violations of a child-custody decree, because the final act that can be litigated in federal court took place before 2006, and suit was not filed for another four years. If Michael had sued in 2006 or earlier, then it would be necessary to decide how far back the litigation could reach. Given the suit's actual filing date and the jurisdictional limits, however, no continuing-violation theory can bring within its scope any act before the state judge's 2006 letter.

   Michael's arguments about discovery and other matters are not pertinent to either subject-matter jurisdiction or the statute of limitations and need not be discussed.

                                                                                                               AFFIRMED