**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 18, 2016[*]
Decided August 18, 2016

**Before**

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-2879

| | |
|---|---|
| EDDIE L. PATTON, JR., <br>   *Plaintiff-Appellant*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 15-C-1273 |
| JENNIFER KESTEL, *et al.*, <br>   *Defendants-Appellees*. | Harold A. Baker, <br> *Judge*. |

**O R D E R**

Eddie Patton, Jr., an Illinois prisoner, filed this action under 42 U.S.C. § 1983 claiming that Lutheran Social Services and several of its caseworkers, supervisors, and therapists were interfering with his parental rights. According to the complaint, the defendants had refused to allow Patton's children to visit him in prison, blocked the children from communicating with him, and withheld information about the children's health and welfare. He asked that Lutheran "be investigated" and that his children be

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

"returned home" to relatives. At screening, *see* 28 U.S.C. § 1915A, the district court addressed Patton in open court and announced that his suit was being dismissed for lack of subject-matter jurisdiction because a "custody fight" was ongoing in state court. A later written decision attributes the dismissal, however, to a failure to state a claim as well as a lack of jurisdiction. Patton appeals the dismissal.

Parents enjoy a substantive right, grounded in the Due Process Clause, to associate with and direct the upbringing of their children. *Troxel v. Granville*, 530 U.S. 57, 65–66 (2000) (plurality opinion) (discussing historical recognition of right); *Brokaw v. Mercer County*, 235 F.3d 1000, 1018–19 (7th Cir. 2000). But Patton's complaint was deceiving, and the district court's characterization of the state-court litigation as a "custody fight" does not tell the whole story. What Patton did not disclose is that before he filed this action in federal court, the State of Illinois had initiated proceedings to have him declared an unfit parent due to depravity. Patton had been sentenced to 15 years in prison on two counts of aggravated child battery, and by orders of a state circuit judge, he was not permitted to see his children (who by then were wards of the court) or to communicate with them unless authorized by their therapist. And after he filed this action in August 2015, Patton affirmatively misled the district court by repeatedly asserting in increasingly urgent filings that his "parental rights have not been terminated" while omitting that the State was seeking to do so and already had been empowered to prevent Patton's children from having contact with him.

Patton lost that battle when two months after the district court dismissed the present suit the state court permanently terminated his parental rights. Yet in this court Patton disingenuously continues to blame Lutheran and its employees for his inability to see or communicate with his children. As we have emphasized, a plaintiff who seeks relief based on information known to be false is subject to sanctions, including dismissal, for abusing the judicial process. *See Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009); *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306, 308 (7th Cir. 2002).

Putting aside his dishonesty, Patton faced a more fundamental problem: His lawsuit did not belong in federal court given the ongoing proceedings in state court. The "domestic relations exception" exempts from federal jurisdiction disputes related to child custody, divorce, and alimony. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *Struck v. Cook Cnty. Pub. Guardian*, 508 F.3d 858, 859–60 (7th Cir. 2007); *Allen v. Allen*, 48 F.3d 259, 261 & n.2 (7th Cir. 1995); *Congleton v. Holy Cross Child Placement Agency, Inc.*, 919 F.2d 1077, 1078–79 (5th Cir. 1990). Patton's attempt to embroil the district court in

ongoing litigation to protect his children and decide his fitness as a parent fell within the domestic relations exception and, thus, outside the court's jurisdiction.

Patton has filed a frivolous appeal of a frivolous suit, *see Alpern v. Lieb*, 38 F.3d 933, 934 (7th Cir. 1994), and thus he has incurred two strikes under the Prison Litigation Reform Act, *see* 28 U.S.C. § 1915(g). A further strike will bar him from bringing suits *in forma pauperis. See id.*

The district court appeared to recognize that it lacked subject-matter jurisdiction over Patton's lawsuit, even though the court's written decision and judgment include references to Federal Rule of Civil Procedure 12(b)(6) and failure to state a claim. To eliminate any ambiguity, we MODIFY the judgment to reflect a dismissal for lack of jurisdiction rather than on the merits, and as modified the judgment is AFFIRMED. *See Travelers Prop. Cas. v. Good*, 689 F.3d 714, 716, 726 (7th Cir. 2012); *Garry v. Geils*, 82 F.3d 1362, 1370 (7th Cir. 1996).