16-4329-cv
*Doctor's Associates, LLC v. Tripathi*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of December, two thousand nineteen.

PRESENT:  AMALYA L. KEARSE,
              RICHARD J. SULLIVAN,
              MICHAEL H. PARK,
                *Circuit Judges.*

-----------------------------------------------------------------

DOCTOR'S ASSOCIATES, LLC,

           *Plaintiff-Appellee*,

        v.                             No. 16-4329-cv

MANOJ TRIPATHI, SADHANA TRIPATHI,

*Defendants-Appellants.*[1]

-----------------------------------------------------------------

FOR APPELLANTS:             ROBERT S. BOULTER, Law Offices of
                            Robert S. Boulter, San Rafael, CA.

FOR APPELLEE:               DAVID R. ROTH (Jeffrey R. Babbin,
                            *on the brief*), Wiggin and Dana LLP,
                            New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Manoj and Sadhana Tripathi appeal an order of the district court (Hall, *J.*) enjoining their California state-court action against Subway sandwich franchisor Doctor's Associates, LLC ("DAL") (formerly known as Doctor's Associates, Inc.) and DAL's development agents, Chirayu Patel and the Letap Group, LLC (collectively, "Patel"). In the California state-court action, the Tripathis brought claims against DAL and Patel alleging, *inter alia*, that Patel provided DAL with false inspection reports concerning the Tripathis' Subway franchises and that DAL then wrongfully terminated those franchises. In addition to monetary and injunctive relief, the Tripathis sought a declaration that their arbitration agreement with DAL

---

[1] The Clerk of Court is respectfully directed to amend the caption as above.

was unenforceable to the extent it required arbitration of their claims against DAL and barred any claims against Patel.   DAL then filed the instant petition to compel arbitration pursuant to Section 4 of the Federal Arbitration Act ("FAA") and a motion to enjoin the California state-court action.   The district court granted DAL's petition and motion for an injunction, concluding that an injunction was appropriate under the All Writs Act, 28 U.S.C. § 1651(a), and Anti-Injunction Act ("AIA"), 28 U.S.C. § 2283.   We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

On appeal, the Tripathis challenge only the district court's injunction of the California state-court action as it relates to their claims against Patel.   The Tripathis do not, however, dispute that the text of the applicable arbitration clause precludes them from bringing their state-court claims against Patel.[2]   Instead, the Tripathis

---

[2] The arbitration paragraph between the Tripathis and DAL provides in pertinent part:

> [The Tripathis] may only seek damages or any remedy under law or equity for an arbitrable claim against [DAL] or [its] successors or assigns.   [The Tripathis] agree that [DAL's] . . . agents . . . and their affiliates[] shall not be liable nor named as a party in any arbitration or litigation proceeding commenced by [the Tripathis] where the claim arises out of or relates to this [Franchise] Agreement.   [The Tripathis] further agree that the foregoing parties are intended beneficiaries of the arbitration clause; and that all claims against them that arise out of or relate to this [Franchise] Agreement must be resolved with [DAL] through arbitration.

argue that (1) the district court lacked jurisdiction under the AIA to issue the injunction with respect to Patel, and (2) the relevant provision of the parties' arbitration agreement is unenforceable.   We are not persuaded.

As for the jurisdictional argument, the All Writs Act authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."   28 U.S.C. § 1651(a). However, "[t]his grant of authority is limited by the [AIA], which bars a federal court from enjoining a proceeding in state court unless that action is 'expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'"   *Ret. Sys. of Ala. v. J.P. Morgan Chase & Co.*, 386 F.3d 419, 425 (2d Cir. 2004) (quoting 28 U.S.C. § 2283).   A federal court's power "to protect or effectuate its judgments," commonly called the "relitigation exception" to the AIA, may be used "to enjoin state litigation of a claim or issue that previously was presented to and decided by the federal court."   *Wyly v. Weiss*, 697 F.3d 131, 139 (2d Cir. 2012) (internal quotation marks omitted).

Here, the district court ruled that the franchise agreement delegated gateway

---

App'x 30.

issues of arbitrability – namely, the scope and enforceability of the arbitration agreement – to the arbitrator in the first instance. Thus, a California court could not reach the merits of such issues without contradicting the district court's delegation ruling. Indeed, the Tripathis do not argue that the district court erred by enjoining the California action as to their claims against DAL. Rather, the Tripathis argue that the relitigation exception does not apply with respect to their state-court claims against Patel because he is neither a party to this action nor a signatory to the arbitration agreement. But this argument is foreclosed by our holding in *Doctor's Associates, Inc. v. Stuart*, where we upheld a district court's injunction of a state-court action against DAL *and its agents* in similar circumstances. 85 F.3d 975, 984–85 (2d Cir. 1996). Moreover, we have expressly rejected the argument "that the relitigation exception to [the AIA] is inapposite . . . because the parties involved in the state and federal courts are not all the same." *ACLI Gov't Sec., Inc. v. Rhoades*, 963 F.2d 530, 532–33 (2d Cir. 1992). Thus, the district court had jurisdiction under the All Writs Act and the relitigation exception to enjoin the California state-court action.

With respect to the enforceability of the arbitration agreement, we agree with the district court that the arbitration agreement clearly and unmistakably delegated

5

this issue for the arbitrator's determination in the first instance. *See Contec Corp. v. Remote Sol., Co.*, 398 F.3d 205, 208 (2d Cir. 2005) ("[W]hen . . . parties explicitly incorporate rules that empower an arbitrator to decide issues of arbitrability, the incorporation serves as clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator."). The parties expressly incorporated the Commercial Rules of the American Arbitration Association ("AAA") into the arbitration agreement, and those rules clearly empower arbitrators to resolve "any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim." AAA Rule R-7(a). Because the parties' agreement precluding claims against Patel was part of the broader arbitration agreement, the enforceability of such a preclusion is for the arbitrator in the first instance.

The Tripathis also argue that the relevant arbitration provision violates Supreme Court precedents requiring the "effective vindication" of statutory remedies. *See Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 235–36 (2013). As an initial matter, these precedents expressly deal only with federal statutory rights, which the Tripathis did not assert in the California state-court action. *See Ferguson v. Corinthian Colls., Inc.*, 733 F.3d 928, 936 (9th Cir. 2013); *see also Am.*

6

*Express Co.*, 570 U.S. at 252 (Kagan, *J.*, dissenting) ("Our effective-vindication rule comes into play only when the FAA is alleged to conflict with another *federal* law . . . ."). Moreover, even if some variant of the effective-vindication rule were to apply in the context of state statutory rights, *see, e.g.*, *Gingras v. Think Fin., Inc.*, 922 F.3d 112, 127 (2d Cir. 2019), such a rule would not apply here because the Tripathis are not "wholly . . . foreclose[d]" from vindicating their state law rights, *id.* Rather, the Tripathis simply must vindicate their rights in arbitration with DAL alone pursuant to the parties' arbitration agreement, subject to the arbitrator's threshold determination as to the scope and enforceability of the agreement. *See, e.g.*, *Stuart*, 85 F.3d at 985; *Kroll v. Doctor's Assocs., Inc.*, 3 F.3d 1167 (7th Cir. 1993).

We find that the Tripathis' remaining arguments are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7