Pappas v. Lorintz

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15ᵗʰ day of October, two thousand twenty.

PRESENT:
> JOHN M. WALKER, JR.,
> PIERRE N. LEVAL,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

───────────────────────────────────

Anthony Pappas, for Congress, a political organization created under Title 52 of the Federal Code and individually,

*Plaintiff-Appellant*,

v.                                                             19-3103

Joseph Lorintz, individually and as Supreme Court Judge of the State of New York, Henry Kruman, Maria Pappas, TD Bank, N.A., State of New York,

*Defendants-Appellees*.

───────────────────────────────────

FOR PLAINTIFF-APPELLANT:                ANTHONY PAPPAS, pro se,
                                                                        Astoria, NY.

FOR DEFENDANTS-APPELLEES LORINTZ
and STATE OF NEW YORK:                       CAROLINE A. OLSEN,

Assistant Solicitor General (Barbara D. Underwood, Solicitor General; Anisha S. Dasgupta, Deputy Solicitor General; *on the brief*), *for* Letitia James, Attorney General of the State of New York, New York, NY.

FOR DEFENDANT-APPELLEE TD BANK, N.A.:

Jeffrey J. Chapman (Aaron F. Jaroff, *on the brief*), McGuire Woods LLP, New York, NY.

FOR DEFENDANTS-APPELLEES KRUMAN and MARIA PAPPAS:

Henry E. Kruman, Kruman & Kruman P.C., Malverne NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*; Tomlinson, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff Anthony Pappas, proceeding pro se, along with his political campaign organization Anthony Pappas for Congress (together, "Pappas"), appeal the district court's August 26, 2019 order adopting the magistrate judge's August 2, 2019 report and recommendation ("R&R") in its entirety and dismissing his complaint under 42 U.S.C. § 1983 against his ex-wife Maria Pappas, her divorce attorney Henry Kruman, the State of New York, New York State Supreme Court Justice Joseph Lorintz, and TD Bank, N.A. (together, "defendants"). On July 24, 2018, Pappas filed the instant action, claiming that both a "gag order" and a financial restraint placed on his bank account pursuant to a state court divorce proceeding violated the First Amendment, the Fourteenth Amendment's Due Process and Equal Protection Clauses, and federal election law. He sought damages, a declaration that the state court orders were unconstitutional,

2

and an injunction against their enforcement.

About five years earlier, in August 2013, Pappas filed suit in the district court similarly claiming the same "gag order" violated his First Amendment, due process, and equal protection rights. The district court dismissed his claims for lack of subject matter jurisdiction under the "domestic relations exception" and, alternatively, because sovereign and judicial immunity barred his claims against the State defendants and because Kruman and Maria Pappas were not state actors. *See Pappas v. Zimmerman* ("*Pappas I*"), No. 13-cv-4883, 2014 WL 3890149, at \*3-6 (E.D.N.Y. Aug. 6, 2014). In the instant case, the district court concluded, *inter alia*, that *Pappas I* collaterally estopped Pappas from asserting the same constitutional claims and, in any event, his constitutional claims were similarly without merit. Moreover, it concluded that there was no private right of action for Pappas to allege a violation of federal election law in federal court. The district court also ordered Pappas to show cause why a limited filing injunction should not be issued against him. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews *de novo* a district court's dismissal under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). *Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015). "We also review a district court's application of the doctrine of collateral estoppel *de novo*, accepting all factual findings of the district court unless clearly erroneous." *Trikona Advisers Ltd. v. Chugh*, 846 F.3d 22, 29 (2d Cir. 2017) (quotation marks omitted). "We review a district court's decision to impose sanctions under its inherent powers for abuse of discretion." *Wilson v. Citigroup, N.A.*, 702 F.3d 720, 723 (2d Cir. 2012).

3

## I.    Constitutional Claims

The district court was correct in determining that collateral estoppel applied.   "Under federal law, collateral estoppel applies when (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits."   *Purdy v. Zeldes*, 337 F.3d 253, 258 (2d Cir. 2003) (quotation marks and footnote omitted).   Collateral estoppel "may be inappropriate," however, where "controlling facts or legal principles have changed significantly since the initial decision."   *Wyly v. Weiss*, 697 F.3d 131, 143-44 (2d Cir. 2012) (quotation marks omitted); *see also Montana v. United States*, 440 U.S. 147, 155 (1979).

In *Pappas I*, as relevant here, Pappas claimed (1) that the gag order violated his First Amendment rights by imposing a "prior restraint" on his speech; (2) that he was deprived of his due process rights because he was denied a fair divorce proceeding; and (3) that he was denied equal protection because the New York "court system favors female litigants over male litigants." *Pappas I*, 2014 WL 3890149, at *2.   In the present case, Pappas has repeated these claims almost verbatim.   Furthermore, these claims were actually and fully litigated in *Pappas I*, and were either subject to a valid and final judgment on the merits or to a conclusive adjudication that they were not within the jurisdiction of the federal courts.   As noted above, the district court in *Pappas I* dismissed these claims for lack of subject matter jurisdiction under the "domestic relations exception" and, alternatively, because sovereign and judicial immunity barred his claims against the State defendants and because Kruman and Maria Pappas were not, and did not conspire with, state actors.   *See Pappas I*, 2014 WL 3890149, at *3-6.   Although the parties are not identical,

4

mutuality of parties is not required for application of collateral estoppel where, as here, the same party (Pappas) raises identical claims.  *See ACLI Gov't Sec., Inc. v. Rhoades*, 963 F.2d 530, 533 (2d Cir. 1992).

Legal principles, however, have changed since *Pappas I*.  Following the district court's adoption of the R&R below, this Court concluded in *Deem v. DiMella-Deem* that "the domestic relations exception clearly does not apply" in cases "before this Court on federal question jurisdiction, not diversity."  941 F.3d 618, 621 (2d Cir. 2019) (quotation marks omitted), *cert. denied*, 140 S. Ct. 2763 (2020).  Thus, because the district court's subject matter jurisdiction was predicated on a federal question, not diversity, the court's dismissal of Pappas's constitutional claims, to the extent based on the domestic relations exception, no longer comports with the law of this circuit.  However, we also stated in *Deem* that, even though the domestic relations exception applied only in diversity cases, "its goal of leaving family disputes to the courts best suited to deal with them was equally strong, if not stronger," in some non-diversity contexts.  *Id*. (brackets omitted) (quoting *Allen v. Allen*, 48 F.3d 259, 262 n.3 (7th Cir. 1995)).  We therefore concluded that, even where the domestic relations exception does not apply, a court might nevertheless exercise "domestic relations *abstention*" where a litigant's claims are "on the verge of being matrimonial in nature" and where "there is no obstacle to their full and fair determination in state courts."  *Id*. at 621-22 (quotation marks omitted).

We need not determine here whether the district court would have been correct to decline jurisdiction under domestic relations abstention because, even assuming that the district court erred by declining to exercise jurisdiction over the constitutional claims, the district court was correct to collaterally estop those claims on separate grounds.  In *Pappas I*, the district court stated that if

5

the domestic relations exception did not apply, the judicial defendants were nevertheless protected under principles of sovereign immunity and judicial immunity, and non-state actors like Kruman and Maria Pappas could not be sued pursuant to § 1983. *Pappas I*, 2014 WL 3890149, at \*4-5. In the instant action, the district court was therefore correct to dismiss Pappas's constitutional claims on the ground that they were previously fully and fairly litigated. In *Pappas I*, the district court dismissed the claims at issue on two alternative grounds: first, on the basis that a federal court lacked jurisdiction to hear them by reason of the domestic relations exception and, alternatively, because certain claims could not be adjudicated in federal court under the Eleventh Amendment, while other claims were without merit. Because the law with respect to the federal courts' ability to hear claims involving domestic relations has changed, the district court's alternative holdings have become the pertinent ones, and those holdings have preclusive effect here. Accordingly, those claims cannot now be relitigated.

Furthermore, even if this were not the case, we would find that the district court's dismissal of Pappas's constitutional claims was correct. Specifically, because Justice Lorintz operated in his judicial capacity at all times applicable to this case, he has absolute immunity from lawsuits for damages for his judicial actions. *See Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009); *see also Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). Although Pappas also sought declaratory and injunctive relief against Justice Lorintz, the Eleventh Amendment bars actions for such relief against state officials that in effect seek to remedy "a past violation of federal law, even though styled as something else," as opposed to a "continuing violation." *Vega v. Semple*, 963 F.3d 259, 282 (2d Cir. 2020) (quoting *Papasan v. Allain*, 478 U.S. 265, 278 (1986)). Here, rather than alleging some prospective harm, Pappas's claim is focused purely on the alleged harm done to his

6

2018 Congressional campaign by the state court orders, effectively making it a suit to remedy a past violation as opposed to an ongoing one. Though the State was not a party to the 2013 lawsuit, it nevertheless possesses Eleventh Amendment immunity on the same grounds. *Mary Jo C. v. New York State and Loc. Ret. Sys.*, 707 F.3d 144, 151-52 (2d Cir. 2013). Finally, Maria Pappas, her lawyer Kruman, and TD Bank, N.A., are not state actors, nor were they "acting under color of state law," and therefore are not subject to a § 1983 claim. *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014). In short, the district court was correct to dismiss Pappas's constitutional claims.

## II. Federal Election Law Claim

Pappas also purports that defendants violated federal election law, an issue that he did not raise in *Pappas I*. Collateral estoppel bars parties only from "relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288 (2d Cir. 2002). While Pappas's election law claim is tangentially related to issues revolving around Pappas's divorce that were already decided, how those issues pertain to the federal election law context has not been fully and fairly litigated. Therefore, the federal election law issues are not precluded.

Though not estopped by issue preclusion, the federal election law claim is meritless. Citing 52 U.S.C. § 30114(b), Pappas argues that the provision's admonition that contributions or donations to federal election candidates "shall not be converted by any person to personal use" applies to the restraint on his bank account. This statute does not, however, provide a private right of action. Rather, individuals who allege violations of the act "may file a complaint with the [Federal Election] Commission," which then acts on such complaints. 52 U.S.C.

7

§ 30109(a)(1). Absent any language providing for a private right of action, there is nothing to suggest Pappas may proceed with one here. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 280 (2002) ("[U]nless Congress 'speak[s]' with a clear voice,' and manifests an 'unambiguous' intent to confer individual rights, federal funding provisions provide no basis for private enforcement by § 1983." (second alteration in original) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 451 U.S. 1, 17, 28 & n.21 (1981))).

### III. Filing Injunction

Finally, Pappas argues that a filing injunction imposed by the district court was "ludicrous" and "wholly unsupported on this record." Appellant's Br. at 25. The R&R recommended that the district court direct Pappas to show cause why he should not be barred from filing future complaints without leave of the court but left questions of notice and timing to the district court. The district court thereafter adopted the R&R in its entirety, and ordered that "in the future, Plaintiff is directed to SHOW CAUSE, in writing, as to why he should not be barred from filing complaints without leave of court." App'x at 10a. Pappas has not responded to this direction, nor has there been any other activity regarding it in the district court.

We do not interpret the district court's show cause order as, in fact, imposing a filing injunction. Although the language of the district court's order did not set a specific date by which to respond, it is evident from the district court's adoption of the R&R in its entirety that the district court sought to provide Pappas an opportunity to be heard prior to imposing a filing injunction. Accordingly, because the district court did not impose such an injunction, the issue is not ripe for our review. *See United States v. Balon*, 384 F.3d 38, 46 (2d Cir. 2004).

\* \* \*

8

We have considered all of Pappas's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

<div style="margin-left: 45%;">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>